IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DELGUERICO AND<br>LEIGH DELGUERICO | : CIVIL ACTION<br>:<br>: No.:  02-CV-3453 |
| and | : |
| | : |
| DELGUERICO'S WRECKING &<br>SALVAGE, INC., | : |
| | : |
| Plaintiffs, | : |
| vs. | : |
| | : |
| SPRINGFIELD TOWNSHIP,<br>BUCKS COUNTY, | : |
| | : |
| and | : |
| | : |
| JEFFREY MEASE, individually and<br>in his capacity as Code Enforcement<br>Officer for Springfield Township, | : |
| | : |
| and | : |
| | : |
| PETER LAMANA, RODNEY WIEDER<br>JAMES HOPKINS, ROBERT ZISKO and<br>CHARLES HALDERMAN, JR.,<br>individually and in their official<br>capacities as members of the Board<br>of Supervisors of Springfield Township | : |
| | : |
| and | : |
| | : |
| JOHN HAMMILL and PATRICIA<br>HAMMILL, | : |
| | : |
| Defendants. | : JURY TRIAL DEMANDED |

**MOTION TO DISMISS OF DEFENDANTS**
**JOHN HAMMILL AND PATRICIA HAMMILL**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants, John Hammill and Patricia Hammill, (hereinafter referred to as "Hammills"), respectfully request that this Court dismiss the Complaint of Tony DelGuerico, Leigh DelGuerico and DelGuerico's Wrecking & Salvage, Inc., (hereinafter "the Plaintiffs"), as it applies to the Hammills, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and state in support thereof the following:

1.    The Plaintiffs have brought an action against the Hammills pursuant to 42 U.S.C. Section 1983 as well as pendent state claims.

2.    The Plaintiffs' Complaint sets forth numerous allegations regarding the actions and inactions of co-defendants of the Hammills, Springfield Township, and individuals within Springfield Township including the Township Code Enforcement Officer and the individual members of the Springfield Township Board of Supervisors, (hereinafter "the Springfield Defendants").  A copy of Plaintiffs' Complaint is attached hereto and incorporated herein as though set forth fully at length as Exhibit "A."

3.    The allegations with respect to the Springfield Defendants include but are not limited to, attempting to prevent the operation of a Salvage Yard by the Plaintiffs for the third time in eleven years, a use of the Government's power to harass and intimidate the Plaintiffs, and allegations that the Springfield Defendants have sent a stream of inspectors to pore over the Plaintiffs' property – all in an attempt to harass

the Plaintiffs, allegedly in violation of their constitutional substantive due process rights as well as pendent state law claims.

4.      The allegations with respect to the Hammills are few.  Averment number 7 under a subheading "B.  PARTIES," makes a general allegation that the Hammills "are acting in conspiracy with the Township Defendants under color of state law . . . ."

5.      The basis of Federal jurisdiction is set forth as 42 U.S.C. Section 1983 which is predicated upon 28 U.S.C. Sections 1331, 1343(a)(3) and 1343(a)(4).  The gravamen of the jurisdictional statement is that the Hammills somehow conspired with the Springfield Defendants to deny the Plaintiffs' substantive due process in violation of 42 U.S.C. Section 1983.

6.      Thereafter, the Complaint sets forth a series of "common averments," all of which are allegations with respect to the Plaintiffs and the Springfield Defendants over a time period beginning in approximately the early 1960's through present.  These allegations regarding the Township Defendants are found in averments number 11 through  37 without any mention whatsoever of the Hammills.

7.      Averment number 38 alleges that the Springfield Defendants' issuance of a Cease and Desist Order "was motivated by the other Defendants, including neighbors the Hammill Defendants who bought a house on Grouse Lane in 1998." This averment further provides that the "Township Defendants acted on a purely political desire to appease the Hammill Defendants, who are attempting to use Township procedures to extract a huge profit from the Plaintiffs for the Hammill

property".  There is absolutely nothing to substantiate this generalized allegation of motivation on the part of the Township Defendants.

8.     The Plaintiffs accurately state in averment number 43 that the Hammills intervened as parties in the Plaintiffs' Zoning Appeal from Springfield Township's Cease and Desist Order and once more make a general allegation that the intervention into the Zoning Appeal by the Hammills  [a right of any  any citizen effected by a zoning decision] constitutes a "conspiracy with the Township Defendants."  The Plaintiffs go on to aver, again, without any factual substantiation, that the Hammills "control the Township's Zoning Hearing Board and the outcome."

9.     The only other allegation with respect to the Hammills in Plaintiffs' Complaint is that they, through their attorney, attempted to negotiate a purchase of their property by the Plaintiffs. That allegation is set forth in averment number 44 and references the letter of the Hammills' attorney dated March 14, 2002 attached to the Complaint as Exhibit "G."  A cursory or careful reading of that letter reveals that it is nothing more than an attempt to settle the dispute.  It is identified as a settlement offer – that offer being submitted "without prejudice, release or waiver in any respect whatsoever of [the Hammills'] rights or remedies pursuant to law or equity as the parties' disputes and differences continue."  A copy of the Hammills' counsel's  letter is attached hereto and incorporated herein as though set forth fully at length as Exhibit "B."

10.     There are no more factual allegations with respect to the Hammills in the Plaintiffs' Complaint.

11.    Aside from the generalized allegations of conspiracy, all of the facts in Plaintiffs' Complaint with respect to the Hammills amount to nothing more than the following:

a)    The Hammills are citizens of the Commonwealth of Pennsylvania and residents of Springfield Township, Bucks County, Pennsylvania;

b)    The Hammills are neighbors of the Plaintiffs and have objected as residents of Springfield Township to the use of Plaintiffs' property in a residential zone as a salvage and trash facility;

c)    The Plaintiffs intervened as parties in an appeal from a Cease and Desist Order issued to the Plaintiffs by Springfield Township – an intervention that is the right of every citizen within the Commonwealth of Pennsylvania similarly situated to the Hammills;

d)    In an attempt to resolve their differences with the Plaintiffs, their neighbors, the Hammills authorized their attorney to attempt to negotiate a sale of the Hammills' property to the Plaintiffs.

12.    Nothing in the Complaint supports any of the general allegations of conspiracy, nor does it provide any facts supporting general allegations that the Hammills are acting in conspiracy with the Township;

13.    All of the facts set forth in Plaintiffs' Complaint, taken together with its Exhibits, result in nothing more than a Zoning action taken by the Township against the Plaintiffs (with whom the Plaintiffs may well have a dispute), and the intervention as a matter of right by the Hammills into the Plaintiffs' appeal of the Township's action.

14.    There can be no allegation and there is no factual allegation that the Hammills operated under the color of state law.

15.    In order for the Plaintiffs to satisfy the jurisdictional requirements of 42 U.S.C. Section 1983 they must establish a conspiracy between the Hammills and the Township Defendants.

16.    As the Complaint sets forth nothing more than the intervention in a Zoning Appeal by the Hammills, which is their right under state law, and an attempt by the Hammills to settle a dispute with the Plaintiffs, the Plaintiffs' Complaint fails to set forth any conspiracy between the Hammills and the Springfield Township Defendants with the specificity required by law. See Urbanic vs. Rosenfeld, et al., 150 Pa.Cmwlth. 468, 616 A.2d 46 (1992). "However, if the evidence only allows the jury to base a finding on conjecture or speculation, then the circumstantial evidence is insufficient to establish a conspiracy. A finding of actionable conspiracy would be based on conjecture if all that is shown is that two (2) persons with the right to do a thing happened to do the thing at the same time."

17.    As the only basis for Federal jurisdiction is 42 U.S.C. Section 1983, and the Hammills being private actors can only be found in violation of that statutory prohibition if they are in conspiracy with the Springfield Township Defendants,

Plaintiffs' Complaint, failing to set forth with the requisite particularity any conspiracy between the Hammills and the Springfield Township Defendants, must fail.

18.    There being no Federal jurisdiction under 42 U.S.C. Section 1983 for reasons set forth herein, and there being no other Federal claims in the Complaint, the remaining pendent state claims against the Hammills must be dismissed as well – there being no Federal jurisdiction.  <u>Locust vs. DeGiovanni</u>, 485 F.Supp. 551, 553(E.D. Pa.) (1980).

WHEREFORE, John Hammill and Patricia Hammill, respectfully request of this Honorable Court that their Motion to Dismiss be granted.

RESPECTFULLY SUBMITTED,


BY:_____
       JOHN M. HELEY, ESQUIRE
       Attorney for Defendants
       John Hammill and Patricia Hammill

IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

TONY DELGUERICO AND        : CIVIL ACTION
LEIGH DELGUERICO             :
                              : No.:  02-CV-3453
and                           :
                              :
DELGUERICO'S WRECKING &     :
SALVAGE, INC.,              :
                              :
     Plaintiffs,            :
  vs.                          :
                              :
SPRINGFIELD TOWNSHIP,     :
BUCKS COUNTY,            :
                              :
  and                        :
                              :
JEFFREY MEASE, individually and  :
in his capacity as Code Enforcement  :
Officer for Springfield Township,   :
                              :
  and                        :
                              :
PETER LAMANA, RODNEY WIEDER :
JAMES HOPKINS, ROBERT ZISKO and:
CHARLES HALDERMAN, JR.,    :
individually and in their official    :
capacities as members of the Board  :
of Supervisors of Springfield Township :
                              :
  and                        :
                              :
JOHN HAMMILL and PATRICIA   :
HAMMILL,               :
                              :
     Defendants.        : JURY TRIAL DEMANDED

## NOTICE OF MOTION

To:    Julie L. Kitze, Esquire                    Jeffrey Mease
       Neil A. Morris Associates, PC              Code Enforcement Officer
       Mellon Bank Center                         Springfield Township
       1735 Market Street, 43rd Floor             2320 Township Road
       Philadelphia, PA  19103                    Quakertown, PA  18951

       Springfield Township                       Springfield Township
       Board of Supervisors                       2320 Township Road
       Peter Lamana, Rodney Wieder                Quakertown, PA  18951
       James Hopkins, Robert Zisko, and
       Charles Halderman
       2320 Township Road
       Quakertown, PA  18951

Defendants, John and Patricia Hammill, by and through their attorney, John M.

Heley, Esquire, state that they are filing this Motion to Dismiss on August 7, 2002 and

that the Plaintiffs are required to respond within ten (10) days from that date with three

additional days if service is made by mail.

RESPECTFULLY SUBMITTED,


BY:_____
       JOHN M. HELEY, ESQUIRE
       Attorney for Defendants,
       John and Patricia Hammill

9