IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DELGUERICO AND<br>LEIGH DELGUERICO<br><br>and<br><br>DELGUERICO'S WRECKING &<br>SALVAGE, INC.,<br><br>    Plaintiffs,<br> vs.<br><br>SPRINGFIELD TOWNSHIP,<br>BUCKS COUNTY,<br><br> and<br><br>JEFFREY MEASE, individually and<br>in his capacity as Code Enforcement<br>Officer for Springfield Township,<br><br> and<br><br>PETER LAMANA, RODNEY WIEDER<br>JAMES HOPKINS, ROBERT ZISKO and<br>CHARLES HALDERMAN, JR.,<br>individually and in their official<br>capacities as members of the Board<br>of Supervisors of Springfield Township<br><br> and<br><br>JOHN HAMMILL and PATRICIA<br>HAMMILL,<br><br>    Defendants. | : CIVIL ACTION<br>:<br>: No.: 02-CV-3453<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED |

1

**MEMORANDUM OF LAW OF DEFENDANTS JOHN HAMMILL
AND PATRICIA HAMMILL IN SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

I.  FACTUAL BACKGROUND

The Plaintiffs, Tony DelGuerico and Leigh DelGuerico and DelGuerico's Wrecking & Salvage, Inc., (hereinafter "the Plaintiffs"), filed the instant suit against John and Patricia Hammill, (hereinafter "the Defendants"), in the United States District Court for the Eastern District of Pennsylvania.  While all of the Plaintiffs and Defendants are Pennsylvania residents, the Plaintiffs assert jurisdiction based upon alleged violations by the Hammills of 42 U.S.C. Section 1983, as well as 28 U.S.C. Section 1331, 1343(a)(3) and 1343(a)(b). The gravamen of Plaintiffs' Complaint is that the Hammills acted in conspiracy with Springfield Township in Bucks County, Pennsylvania, to deprive the Plaintiffs of their constitutional right to substantive due process.

The Plaintiffs reside in Springfield Township, on a property comprising approximately 9.5 acres.  They are operating, according to Plaintiffs' Complaint, a business of storing trucks, junk, metal recyclables and scrap metal as well as a solid waste and junk disposal site.  Additionally, the Plaintiffs have conducted recycling activity and waste removal on their property.  In calendar year 2001, the Plaintiffs sold their waste removal routes business to a large waste removal company, BFI. Nevertheless, they have continued to perform salvage and metal recycling on the property, and have entered into contracts with other businesses to perform this work

at their property located on Grouse Lane.

John and Patricia Hammill are homeowners who live immediately adjacent to the Plaintiffs on Grouse Lane. Their lives have been disrupted by the considerable noise as well as odors emanating from the property. Large trash trucks continue to rumble past the Plaintiffs' home which is in a rural and residential area and zone of Springfield Township, Bucks County, Pennsylvania. As a result of the continuous trash hauling activity of the Plaintiffs, including activities on Sundays, the Hammills have, as citizens and residents of the Township, expressed concern to the proper Springfield Township authorities, as is their right.

Springfield Township, through its Code Enforcement Officer, made a determination that the Plaintiffs are in violation of the Zoning Ordinance and, for apparent reasons of its own, issued a Cease and Desist Order for the Plaintiffs' business on or about June 6, 2001. That Cease and Desist Order, as set forth in Plaintiffs' Complaint, alleges that the Plaintiffs are using their property as a "solid waste facility in violation of the Nuisance Ordinance."

The Hammills had nothing to do with the Township's decision to issue the Cease and Desist Order, other than to express concerns as residents and neighbors, as is their right, about the noise, odor, and frequency of business activity on the Plaintiffs' property. Most importantly, there are no factual averments in Plaintiffs' Complaint to support any other conclusion, other than generalized allegations of a conspiracy between the Hammills and the Township. The Plaintiffs appealed the

Cease and Desist Order to the Zoning Hearing Board of Springfield Township on July 5, 2001. The Plaintiffs contend that they enjoyed a legal, non-conforming use, not a nuisance, which had been operating for many years, with the Municipality's failure to enforce for a long period of time. Plaintiffs took their appeal under the laws of the Commonwealth of Pennsylvania and pursuant to the Zoning Ordinance of Springfield Township which was their right.

The Hammills have intervened as parties in the Zoning Appeal, being immediate neighbors of the Plaintiffs who have a continued concern and interest in those proceedings, which is their right as citizens and residents of Springfield Township. Nothing in their decision to intervene in the Zoning Appeal is any evidence whatsoever of a conspiracy between the Hammills and Springfield Township as is generally alleged in Plaintiffs' Complaint.

II.     QUESTIONS PRESENTED BY THE MOTION TO DISMISS

Whether the Plaintiffs, in order to sustain Federal Question jurisdiction under 42 U.S.C. Section 1983, have stated with sufficient particularity a conspiracy between the Hammills and the Springfield Township Defendants so as to withstand the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)?

III. <u>ARGUMENT</u>

<u>The Plaintiffs have not stated a claim against the Defendants, John and Patricia Hammill so as to satisfy the Federal jurisdiction requirements of 42 U.S.C. Section 1983.</u>

The gravamen of Plaintiffs' Complaint against John and Patricia Hammill is nothing more than that the Hammills, being immediate neighbors to the Plaintiffs' trash hauling and recycling activities, expressed concerns about the level of noise, odor and activity to the appropriate Township authorities. Thereafter, Springfield Township, through its Code Enforcement Officer, issued a Cease and Desist Order - presumably for its own reasons. Nothing in Plaintiffs' Complaint other than the bare allegation of conspiracy between the Hammills and the Township Defendants supports the existence of conspiracy, and certainly nothing in Plaintiffs' Complaint, with respect to the Hammills and an alleged conspiracy between the Hammills and the Township Defendants, supports anything other than conjecture or speculation as to whether or not such a conspiracy exists.

The facts, as set forth in Plaintiffs' Complaint with respect to the Hammills, are that the Hammills complained about the Plaintiffs' activities, that they intervened in the Plaintiffs' appeal from Springfield Townships' Cease and Desist Order, and that they, through their counsel, attempted to resolve their differences with the Plaintiffs by negotiating a sale of the Hammills' property to the Plaintiffs so that the Hammills could remove themselves from the site of this conflict. There are no other facts averred in

the Plaintiffs' Complaint with respect to the Hammills other than repeated general allegations of conspiracy between the Township Defendants and the Hammills.

42 U.S.C. Section 1983 does not create substantive rights, but provides a remedy for the violation of rights created by Federal law. Oklahoma City vs. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed. 2d. 791 (1985). A prima facie case under Section 1983 requires a Plaintiff to demonstrate: (1) a person deprived him of a Federal right; and (2) the person who deprived him of the right acted under color of state or territorial law. Gomes vs. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed. 2d. 572 (1980). The Third Circuit Court of Appeals has outlined the basic and clear requirement to establish one as acting under "color of state law." ". . . The Defendant in a Section 1983 action has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Groman vs. Township of Manalapan, 47 F.3d 628, 638 (3rd Cir.1995). To hold a person liable under Section 1983, a Plaintiff must establish that the Defendant was acting "under color of law." It is not the ability, however, to exert influence or control that establishes that a person is acting under color of law; it is actually using that influence or control which establishes that a person is acting "under color of law". See, e.g. Mannax vs. McNamara, 842 F.2d 808 (5th Cir. 1988). There is nothing in Plaintiffs' Complaint, other than generalized allegations, that supports Plaintiffs' allegation that John and Patricia Hammill in any way acted under color of state law.

The Plaintiffs may still be entitled to relief under Section 1983, however,

if they can establish that the Hammills, in their private capacity, and Springfield Township somehow reached a conspiracy to deprive the Plaintiffs of their civil rights. Lugar vs. Edmondson Oil Company, Inc., 457 U.S. 922, 102 S.Ct. 2744, 73 E.Ed. 2d 482 (1982).  Private parties can be held liable under Section 1983 because they are acting under a color of law where they jointly participate with public officials in the prohibited act.  United States vs. Price, 383 U.S. 77, 86 S.Ct. 1152, 16 L.Ed. 2d 267 (1966).

However, in Civil Rights actions, the Third Circuit applies a stringent standard, requiring the Complaint to state specific facts from which the substantiality of the claim may be assessed.  See, e.g., DiGiovanni vs. City of Philadelphia, 531 F.Supp. 141 (E.D. Pa. 1981).  To require less would allow for no more than mere allegations of conspiracy and a consequent flood gate of litigation and requisite activity by the Courts without a sufficient initial declaration of factual underpinnings.

Specifically, in order to state a Section 1983 conspiracy claim, the Plaintiffs must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the Defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing (1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient. Labalokie vs. Capital Area Intermediate Unit, 926 F.Supp. 503, 508-09 (M.D. Pa. 1996); Rose v. Bartle, 871 F.2d 331, 366 (3rd.Cir.1989).  Furthermore, the Court must

look beyond the bare allegations of the Complaint and consider whether the conduct reasonably could have occurred. Id. at 509.

The alleged co-conspirators must be shown to have agreed, at least tacitly, to commit acts which will deprive the Plaintiff of a Federal right. Sontiago vs. The City of Philadelphia, 435 F.Supp. 136 (E.D. Pa. 1977). However, if the evidence only allows a finding of conjecture or speculation, then the evidence is insufficient to establish a conspiracy. A finding of an actionable conspiracy will be based on conjecture if all that is shown is that two (2) persons with the right to do a thing happen to do the thing at the same time. Fife vs. Great Atlantic & Pacific Tea Company, 356 Pa. 265, 267, 52 A.2d 24, 39 (1947) (emphasis added).

Courts have found that the act of furnishing information to the police does not constitute joint action under color of state law which would render a Defendant liable under Section 1983. See, e.g., Benavidiz vs. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983). Similarly, where, as here, the Plaintiffs' Complaint alleges nothing more than that the Hammills expressed concerns to the Township about the noise, odors and frequency of activity of the Plaintiffs' salvage and waste activities in a rural residential zone, the Complaint's bare allegations of conspiracy do not meet the particularity required by the Federal Courts to state a constitutional claim, and they amount to nothing more than conjecture or speculation which cannot withstand a 12(b)(6) Motion to Dismiss. In fact, the actions of the Hammills, in complaining about the Plaintiffs' activities, and the subsequent actions of the Township, in issuing a

Cease and Desist Order, constitute nothing more than "two (2) persons with the right to do a thing happening to do the thing at the same time. See, Fife, supra.

The facts averred in Plaintiffs' Complaint, absent the general allegations of conspiracy, establish nothing more than that John and Patricia Hammill exercised their rights as residents of Springfield Township, under the law of the Commonwealth of Pennsylvania and the Zoning Ordinance of Springfield Township. As neighbors adjacent to a trash hauling and salvage facility, living in a rural residential zone, they expressed their concerns to the Township which was their right. If the Township issued a Cease and Desist Order to the Plaintiffs, the fact of that issuance does not establish a conspiracy with the Hammills.

Further, the allegation that the Township is in some way assisting the Hammills in procuring an unjust price from the Plaintiffs for the purchase of the Hammills home, is itself nothing more than a mere allegation. There are no facts in the Complaint to support this assertion. The very document attached to Plaintiffs' Complaint as Exhibit "G," the letter of the Hammills' attorney offering a settlement to the Plaintiffs is, on its face, and by its terms, nothing more than a settlement offer. Federal Rule of Evidence 408 would not even allow the letter's admissibility to prove liability for or validity of the claim or its amount. Evidence of Conduct or statements made in compromising negotiations is likewise not admissible in the Federal Courts. The attachment of this letter of compromise hardly rises to the level of particularity required by the Courts to establish the existence of a conspiracy for the purpose of underpinning a Federal Civil

Rights Claim.

Accordingly, Plaintiffs' Section 1983 claim against John and Patricia Hammill must fail and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As the Section 1983 claim is the only basis of Federal jurisdiction, it is respectfully submitted that this Honorable Court should not consider and should dismiss the pendent state claims against John and Patricia Hammill as well. See, Locust vs. DeGiovanni, 485 F.Supp. 551, 553 (E.D. Pa. 1980).

IV. CONCLUSION

In light of the foregoing, the Defendants, John and Patricia Hammill, respectfully request that this Honorable Court grant their Motion to Dismiss.

                RESPECTFULLY SUBMITTED,

BY:_____
    JOHN M. HELEY, ESQUIRE
    Attorney for Defendants
    John and Patricia Hammill