IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DELGUERICO AND<br>LEIGH DELGUERICO | : CIVIL ACTION<br>:<br>: No.: 02-CV-3453 |
| and | : |
| DELGUERICO'S WRECKING &<br>SALVAGE, INC., | : |
| Plaintiffs,<br>vs. | : |
| SPRINGFIELD TOWNSHIP,<br>BUCKS COUNTY, | : |
| and | : |
| JEFFREY MEASE, individually and<br>in his capacity as Code Enforcement<br>Officer for Springfield Township, | : |
| and | : |
| PETER LAMANA, RODNEY WIEDER<br>JAMES HOPKINS, ROBERT ZISKO and<br>CHARLES HALDERMAN, JR.,<br>individually and in their official<br>capacities as members of the Board<br>of Supervisors of Springfield Township | : |
| and | : |
| JOHN HAMMILL and PATRICIA<br>HAMMILL, | : |
| Defendants. | : JURY TRIAL DEMANDED |

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANTS JOHN HAMMILL
AND PATRICIA HAMMILL IN SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

I.    FACTUAL BACKGROUND

The Defendants, John and Patricia Hammill, incorporate by reference the factual background set forth in their Memorandum of Law previously filed in this matter.

II.   SUPPLEMENTAL QUESTION PRESENTED BY THE MOTION TO DISMISS

Whether the actions of the Plaintiffs violate the "Noerr-Pennington Doctrine" so as to require a dismissal of their lawsuit with respect to the Hammills?

III.  SUPPLEMENTAL ARGUMENT

The "Noerr-Pennington Doctrine" requires dismissal of Plaintiff's Complaint.

A recent case decided by the Third Circuit Court of Appeals analyzes what has come to be known as the "Noerr-Pennington Doctrine." Barnes Foundation vs. The Township of Lower Merion, 242 F.3d 151 (3d Cir. 2001).  The Noerr-Pennington Doctrine dictates that an individual is immune from liability for exercising his or her first amendment right to petition the government Id.  The facts of Barnes are that an art museum brought suit against Township officials and local homeowners who had opposed the museum's expansion operations which were the subject of zoning applications.  The alleged activities of the individual homeowners included, among other things, participation at a meeting in opposition of the museum's proposed expansion.  The museum, in its lawsuit, alleged that the individual defendants conspired to deprive it of its rights under the due process and the equal protection

clauses of the United States Constitution.  As such, the facts of <u>Barnes</u> are remarkably similar to the facts in the instant matter.

The  Third Circuit found that the dismissal of these claims was appropriate. The Court noted, after a thorough evaluation of the Noerr-Pennington Doctrine as a defense to a Federal Civil Rights Claim, that:

> Before we close our discussion of the Noerr-Pennington Doctrine, we hasten to add that persons contemplating bringing suits to stifle First Amendment  activities should draw no comfort from this opinion because the uncertainty of the availability of a First Amendment defense when a plaintiff brings a civil rights case now has been dispelled. This point is of particular importance in land use cases in which a developer seeks to eliminate community opposition to its plans as this opinion should make it clear that it will do so at its own peril.

Lawsuits such as those brought in <u>Barnes</u> have come to be known as **SLAPP** suits, an acronym for "strategic lawsuit against public participation."  A **SLAPP** suit is a lawsuit filed by one party against another party in retaliation for the other parties speaking out against the first party's agenda.  See <u>e.g.</u>, <u>Wilcox vs. Superior Court</u>, 33 Cal.Rptr. 2d 446; <u>Gordon vs. Marrone</u>, 590 N.Y.S.2d 649, aff'd, 616 N.Y.S.2d 98 (1994).  The Noerr-Pennington Doctrine was recently cited with abbrevation by the Pennsylvania Trial Court in <u>Wawa, Inc. vs. Litwornia</u>, 54 Pa. D.&C.4th 375 (2001).  In <u>Wawa</u>, the food chain filed suit alleging that its competitors and individuals in the community were waging a campaign of misinformation  to scare the public into believing that Wawa convenience markets that dispense gasoline cause severe driving congestion, safety hazzards and fatalities.  The Court found that Wawa's first

Amended Complaint should be dismissed in its entirety as a **SLAPP** suit. Citing the First Amendment to the Constitution of the United States, the Court noted:

> Congress shall make no law respecting an establishment in religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to <u>petition the government for the redress of grievances.</u> (emphasis added)

The facts of <u>Wawa</u> and <u>Barnes</u> are instructive for the instant matter. The Plaintiffs allege that the Defendant Hammills conspired with the Township by intervening in a zoning appeal from the Township's entry of a Cease and Desist for the Plaintiffs' wrecking and salvage business located in Springfield Township, Bucks County, Pennsylvania. The Hammills are alleged to have conspired with the Township in these activities. In fact, all the Hammills have done, even reading all of the facts in Plaintiffs' Complaint in a light most favorable to the Plaintiffs, is to exercise their rights under the Pennsylvania Municipalities Planning Code, and, as adjacent neighbors to the salvage yard, to intervene in a zoning matter. There is no "conspiracy" exception to the Noerr-Pennington Doctrine. <u>City of Columbia vs. Omni Outdoor Advertising, Inc.</u>, 499 U.S. 565, 111 S.Ct. 1433, 113 L.Ed.2d 382 (1991).

The actions of the Plaintiffs herein are violative not only of the United States Constitution, but also of the Pennsylvania Constitution Article I, Section 20 which provides:

> The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances and other proper purposes, by petition, address, or remonstrance.

The Court in Wawa found the actions of Wawa to be repugnant to this section of the Pennsylvania Constitution as well as the Federal Constitution. The Defendants, John and Patricia Hammill, respectfully submit that the actions of the Plaintiffs in the instant matter are similarly repugnant to these laws. As the District Court found in <u>Midnight Sessions Ltd. vs. City of Philadelphia</u>, 1990 WL 107347 (E.D. Pa.):

> To permit maintenance of this civil rights lawsuit against a private individual would under the circumstances and uncontested facts shown in this case, have an unfortunate and unjust chilling effect upon the exercise by members of the public of their First Amendment right to complain about a public nuisance. <u>Id.</u> at 4.

There is a considerable history of disapproval of SLAPP suites within the Commonwealth of Pennsylvania and within the Federal Courts. Most often, they are analyzed in trial court decisions such as <u>Wawa</u>, cited above. The trial court in <u>Haines and Kibblehouse, Inc. vs. Silver Hill Association</u>, found a SLAPP suit where the Plaintiff Haines and Kibblehouse filed a lawsuit against a citizens group known as "SHAPE." SHAPE had presented a Petition bearing 140 signatures opposing a proposed settlement between the local municipality and Haines and Kibblehouse which would have allowed Haines and Kibblehouse to begin asphalt operations in the municipality. Haines and Kibblehouse averred that the Defendant individuals had filed a land use appeal from the agreement, and that the filing of the appeal was frivolous, to undermine and to compromise its settlement with the Township.

The <u>Haines</u> Court correctly opined that these types of actions, brought by those

who encounter citizen opposition to their projects, are prevalent enough to have acquired the acronym SLAPP – strategic lawsuits against public participation.  The Court noted that these lawsuits usually have the discouragement of citizen activism as their motive and that they also violate the Petition clauses of the Federal and State Constitutions which protect legal attempts to influence government action.  The Haines Court, much like the Wawa Court and the Federal Courts upon which these two (2) trial courts relied, observed that : "To permit such a claim as Plaintiffs to proceed would have an impermissible chilling effect on a right most essential to the maintenance of free society; namely the right to petition the government."  Haines, supra., citing, Eastern Railroad Presidents Conference vs. Noerr Motor Freight, Inc. 365 U.S. 127, 5 L.Ed. 2d 464, 81 S.Ct. 523 (1961).  The Haines Court found that the Defendant's exercise of the rights granted under the Municipalities Planning Code to file a land use appeal from a decision of a Board of Supervisors was a justifiable legal course of action to challenge a perceived wrong.  Similarly, the intervention in a land use appeal by the Hammills is a justifiable legal course of action to which they have every legal right.  The Haines, Wawa and Barnes Courts, relying on the Noerr-Pennington Doctrine, all found that the Defendants actions were constitutionally privileged and legally justified.  The State Court actions were "fatally demurrable," and the Federal action in was subject to dismissal.  John and Patricia Hammill respectfully submit to this Honorable Court that the Complaint of DelGuerico is similarly dismissible and respectfully ask this Court to grant their 12(b)(6) Motion to Dismiss under these circumstances and on these grounds.

RESPECTFULLY SUBMITTED,

BY:_____
JOHN M. HELEY, ESQUIRE
Attorney for Defendants, John and
Patricia Hammill