IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO, et al. | : | CIVIL ACTION |
| Plaintiffs | : | No. 02-CV-3453 |
| v. | : | |
| SPRINGFIELD TOWNSHIP, et al. | : | |
| Defendants | : | |

**PLAINTIFFS' RESPONSE TO SUPPLEMENTAL
MEMORANDUM OF LAW OF DEFENDANTS JOHN AND
PATRICIA HAMMILL PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6)**

Not happy with one bite of the apple (their first memorandum of law), Defendants John and Patricia Hammill have filed a supplemental memorandum arguing for dismissal of the lawsuit against them. Like the arguments presented the first time around, the arguments presented in the second memorandum do not merit dismissal of the claims against the Hammill Defendants.

A. *THE HAMMILL DEFENDANTS WERE NOT ENGAGED IN PETITIONING ACTIVITY WHEN THEY TRIED TO FORCE THE DELGUERICOS TO PURCHASE THEIR HOUSE AT A HUGE PROFIT*

The Noerr-Pennington Doctrine cite by Defendants provides individuals immunity from suit when those individuals "petition" the government. However, not all contacts with the government count as petitioning activity, as the court held in ***Pellegrino Food Products Company v. City of Warren,*** 136 F. Supp.2d 391 (W.D. Pa. 2000).

There, the owner of a bakery sued a city and its officials, together with various neighbors, alleging that the bakery had been harassed by the use of the city's regulatory

powers, thereby denying the bakery's constitutional rights. The bakery's plant was located on a property that had been in industrial use for decades. In the 1980s, over the bakery's objections, the property was zoned residential.

The bakery subsequently applied for a building permit. When hearings were held about the special exception the city said was required for the permit, neighbors voiced opposition, citing among other things, the noise from the plant and the plant's failure to meet the requirements for the permit. *Id.* at 70. The permit was granted with special conditions. The bakery continued to have problems, with the city imposing restrictions on their business. The neighbors and city officials held meetings to determine whether criminal charges and other violations could be filed against the bakery based on the continued operation of the business. At one meeting, a neighbor (William Bevivino) provided a list of people who could be contacted to complain about the bakery to make sure there were active complaints going. *Id.* at 397. Another meeting was held for the same purpose – of brainstorming a list of neighbors to file complaints against the bakery.

The court refused to dismiss the section 1983 claims against neighbor William Bevivino, finding that "his alleged participation in the Mayor's May 3, 1999 and May 5, 1999 meetings is not petitioning activity protected by the [Noerr-Pennington] doctrine." *Id.* at 411. The court stated:

> "We find, however, that William A. Bevivino's alleged participation in the Mayor's May 3, 1999 and May 5, 1999 meetings where he assertedly provided a list of people willing to complain about Pelligrino Foods is not petitioning activity.

>This conduct is simply not, in our opinion, 'petitioning' activity protected by the doctrine." *Id.* at 411.[1]

So too, here, the Hammills are not engaging in true petitioning activity. When the Hammills purchased their house in 1998, the Plaintiffs' business (and its predecessor) had been located next door for more than twenty (20) years. The Hammills began attending meetings with the Township to figure out how to force the DelGuericos to purchase the Hammill property at a huge profit plus a penalty payment and attorneys fees from Plaintiffs. (See Complaint, ¶44, Emmons Letter, Ex. "G"). The Hammills already tried without success to have the Township purchase the property. It surely is not a legitimate municipal function to purchase property in the Township because the sellers don't like their neighbors. Asking the Township to purchase the property is not petitioning activity.

Moreover, using the Township's procedures and mechanisms to force the Plaintiffs to purchase the Hammill property for a huge profit is also not petitioning activity, just like the actions of the one neighbor in *Pelligrino Foods* was not petitioning activity. The Hammills sent their outrageous demand letter directly to the DelGuericos, not to the Township, so they were not petitioning the government but seeking personal profit from private citizens (using the power of the Township to back up their demands).

---

[1] See also, *Litton Systems v. American Telephone & Telegraph Co.,* 700 F.2d 785, 806-808 (2d Cir. 1983). There, the court held that AT&T was engaged in private commercial activity, not petitioning the government, when filing a tariff and therefore was not entitled to Noerr-Pennington immunity. Here, the Hammills are engaged in private activity when trying to force the Plaintiffs to purchase their property, using the power of government, and they are not entitled to hide behind Noerr-Pennington for this reason.

The conclusion that the Hammills' actions are substantially different than those found immune under Noerr-Pennington also is bolstered by review of the actions of the defendants in the cases cited by the Hammills. In *Barnes Foundation v. Township of Lower Merion,* 242 F.3d 151 (3d Cir. 2000) the neighbors merely called up the Township and complained about the Barnes management and the direction the facility was taking. There, the neighbors truly exercised their First Amendment rights to petition the government, voicing concerns about the application to construct a parking lot and objecting to the reopening of the Barnes Foundation, for example, by picketing at the reopening. *Id.* at 155-156. However, the neighbors did not try to force the Barnes Foundation to pay them money such as asking to purchase their homes at a huge profit through the Township proceedings.[2]

The bottom line is that the Hammill Defendants crossed the line from petitioning activity to seeking to use government processes to extract a huge personal profit on the forced sale of their property to the DelGuericos. The Hammills' activity thus was not

---

[2] Similarly, in the *Wawa* case cited by the Hammills, the defendants provided information to various governmental bodies opposing the opening of convenience stores. See *Wawa Inc. v. Litwornia & Assoc.,* 54 Pa. D&C 4th 375 (C.C.P., Lehigh Cty. 2001). Based on description of the *Haines* case on pages 4-5 of the Defendants' supplemental memorandum (unfortunately Defendants omitted the citation to the case so we have no idea what court it was from) the citizens there submitted a petition opposing asphalt operations starting in the township. The citizens engaged in a quintessential "petitioning activity." Another distinction of our case from *Wawa* and *Haines* is that here the business was not just starting but had been operating legally long before the Hammills moved to the neighborhood. One is *prima facie* estopped from challenging the conditions such as the Hammills did, as the conditions were open, obvious and existing for decades before the Hammills purchased their property. *U.S. Nat. Bank in Johnstown v. Drabish,* 144 A.2d 640 (Pa. Super. 1958). It is alleged, in the Complaint (and it must be taken as true) that the Hammills knew they had no lawful right to challenge or petition to challenge Plaintiffs' right to do business. This established, the reason Defendants petitioned was for illegal personal gain, not to vindicate their civil rights.

petitioning activity.

### B. THE PLAINTIFF'S LAWSUIT IS NOT A "SLAPP" LAWSUIT

Finally, this case is not a "strategic lawsuit against public participation" or SLAPP lawsuit as described in *Wilcox v. Superior Court,* 27 Cal. App.4th 809, 825 (1994), cited on page two of Defendants' supplemental memorandum. That case describes a SLAPP suit as a suit filed by a large business entity such as a land developer against a neighborhood association or environmental activists to chill the defendants' continued opposition to the developers' plans. *Id.* at 815. Moreover, a SLAPP suits seeks damages that would be ruinous to the defendant and the suit is aimed at tying up defendant's resources, not vindicating a legal right. *Id.* at 816.

Here we have a suit by a small, family-owned salvage and recycling business operated on the family property since the 1960s. The Hammills' exercise of their political rights is not what is at issue here; it is their desire to essentially extort money from the DelGuericos as a condition of the Plaintiffs' business continuing. The demand for payment by DelGuericos to the Hammills of a big profit of several hundred thousand dollars payment on their house, plus attorneys fees and a penalty for causing this problem in the first place differentiate this case from the SLAPP ones.

Moreover, this issue is already decided. The Township had previously made the determination that the DelGuericos' business has the right to operate on the Grouse Lane property. The Hammills are well aware of the effect of the earlier proceeding so that Defendants' action against the Plaintiffs is being undertaken in blatant bad faith by all

involved.

### C. CONCLUSION

For all of the above reasons, together with those discussed in Plaintiffs' primary brief in response to the Hammill Defendants' motion to dismiss, Defendants' motion should be denied.

*Respectfully submitted,*

_____
*NEIL A. MORRIS*

_____
*JULIE L. KITZE*
*Attorneys for Plaintiffs, Tony*
*and Leigh DelGuerico and*
*DelGuerico's Wrecking &*
*Salvage Inc.*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
*nmorris@namapc.com*

*Date: September 13, 2002*

## CERTIFICATION OF SERVICE

*JULIE L. KITZE, Esquire,* hereby certifies that true and correct copies of ***Plaintiffs' Response To Settlement Memorandum Of Law Of Defendants John And Patricia Hammill Pursuant to Federal Rule of Civil Procedure 12(b)(6)*** was served upon the following, *Via* U.S. First Class Mail, Postage Prepaid, on September 13, 2002:

| | |
|---|---|
| David M. Maselli, Esquire<br>Wright & O'Donnell<br>15 East Ridge Pike, Suite 570<br>Conshohocken, PA 19428<br><br>Attorney for Defendants Springfield Township, Jeffrey Mease, Peter Lamana, Rodney Wieder, James Hopkins, Robert Zisko and Charles Halderman, Jr. | John M. Heley, Esquire<br>245 West Broad Street<br>P.O. Box 558<br>Quakertown, PA 18951<br><br>Attorney for Defendants John Hammill and Patricia Hammill |

_____
*JULIE L. KITZE*
*Attorney for Plaintiffs, Tony DelGuerico, Leigh DelGuerico and DelGuerico's Wrecking & Salvage, Inc.*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*

*Date: July 29, 2002*