IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *TONY DELGUERICO, et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | No. 02-CV-3453 |
| *v.* | : | |
| *SPRINGFIELD TOWNSHIP, et al.* | : | |
| *Defendants* | : | |

## ORDER

*AND NOW,* this _____ day of _____, 2003, upon consideration of the *Plaintiffs' Motion to Remove Case From Civil Suspense Status and to Return to the Active Docket* and Defendants' response thereto, if any, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion is **GRANTED**. This case shall immediately be removed from civil suspense status and be placed on the active docket.

*BY THE COURT*:

_____
*JOHN R. PADOVA          J.*

*IN THE UNITED STATES COURT FOR*
*THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *TONY DELGUERICO, et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | No. 02-CV-3453 |
| *v.* | : | |
| *SPRINGFIELD TOWNSHIP, et al.* | : | |
| *Defendants* | : | |

**PLAINTIFFS' MOTION TO REMOVE CASE**
**FROM CIVIL SUSPENSE STATUS AND TO RETURN**
**TO THE ACTIVE DOCKET**

*AND NOW,* Plaintiffs, Tony and Leigh DelGuerico and DelGuerico's Wrecking & Salvage, Inc., by their attorneys, Neil A. Morris Associates, P.C., hereby file this *Motion To Remove Case From Civil Suspense Status And To Return The Case To The Active Docket* and state the following in support thereof:

1.  On November 26, 2002, the Court, over Plaintiff's objection, placed the above action in civil suspense pending the conclusion of the administrative proceedings before the Springfield Township, Bucks County, Pennsylvania Zoning Hearing Board.

2.  As a result of the Court's Order, Plaintiffs have not been allowed to proceed in federal court with their lawsuit until the Springfield Township Zoning Hearing Board decides Plaintiffs' appeal from the Township's entry of a Cease and Desist Order which, effectively, halts Plaintiffs' entire waste/recycling business; this Order is stayed pending administrative appeal.

3.  The Court required the parties to periodically inform the Court of the status of

Zoning Board hearing, which Plaintiffs have done *via* letters of March 31, 2003 and April 11, 2003, copies of which are attached hereto as Exhibits "A" and "B".

4. Plaintiffs now move the Court to release the case from civil suspense status so they can resume discovery. The case has dragged on for far too long before the Zoning Hearing Board, a delay of many months. Unfortunately, Plaintiffs cannot unilaterally control the setting of the Zoning Board hearings, though Plaintiffs have objected to the scheduling delays on several occasions.

5. A zoning hearing set for February, 2003 was cancelled and not rescheduled until April 7, 2003, though Plaintiffs asked for it to be rescheduled in March. The April 7, 2003 hearing then was cancelled by the Board on account of a small snowfall, over the objection of Plaintiffs. (See Exhibit "B"). The hearing eventually was rescheduled for May 5, 2003. The next hearing was held on June 2, 2003. No hearing was then scheduled until August 18, 2003 because of the Board. A hearing was held on August 18, 2003.

6. The Zoning Hearing Board has not scheduled the next hearing until October 6, 2003. The pattern of drawing out the hearing process is apparent. Even if the hearing concludes on October 6, which it well may not, the parties still must submit proposed findings of fact and conclusions of law to the Board, and then await a decision. It is likely that the proceedings will not conclude until sometime in the year 2004 at the earliest.

7. Plaintiffs are suffering significant hardship and uncertainty from the delay of the Zoning proceedings about the future of their business. The proceedings have stretched on

many months, while Plaintiffs have been denied the opportunity to pursue their constitutional claims in federal court resulting in the denial of Plaintiffs' due process rights. Justice Roberts of the Pennsylvania Supreme Court aptly said:

> "Even before confirmation of the Magna Charta in 1215, delays in administration of justice were considered just as evil as denial of justice itself. Today, seven and one-half centuries later, the same is true, perhaps with even greater force." ***Commonwealth v. Levinson,*** 389 A.2d 1062, 1070 (Pa. 1978)(Roberts, dissenting).

8. It has been Plaintiffs' position from the outset that, whatever the outcome of the Zoning Hearing Board's decision, Plaintiffs' substantive due process rights have been violated by the Township's initiation of this third cease and desist order, in a totally arbitrary and capricious manner. After having resolved the issue, *i.e.,* Plaintiff's use of their property for a waste removal business, in Plaintiffs' favor twice (1990 and 1997), the 2001 Cease and Desist Order is the trigger of Plaintiffs' claims. Plaintiffs do not have to await further appeals in the state court to continue their federal action. See, ***Taylor Investment Company v. Upper Darby Township***, 983 F.2d 1285, 1292, n.12 (3d Cir. 1993).

9. Plaintiffs were about to begin discovery in the nature of depositions when the case was placed on the suspense docket some ten months ago. Plaintiffs prefer to immediately begin taking depositions. Even if this Court wants the parties to await the decision of the Zoning Hearing Board, we respectfully inform the Court that whatever the decision is (even if it is in Plaintiff's favor) Plaintiffs intend to proceed with this federal action and, at the very least, seek approval to take depositions.

*WHEREFORE,* Plaintiffs request that their instant motion be granted and this case be returned to active status.

*Respectfully submitted,*

*NEIL A. MORRIS*
*JULIE L. KITZE*
*Attorneys for Plaintiffs, Tony and Leigh DelGuerico and DelGuerico's Wrecking & Salvage Inc.*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
nmorris@namapc.com

*Date:   August 21, 2003*

4

IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO, et al. | : | CIVIL ACTION |
| Plaintiffs | : | No. 02-CV-3453 |
| v. | : | |
| SPRINGFIELD TOWNSHIP, et al. | : | |
| Defendants | : | |

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO
REMOVE CASE FROM CIVIL SUSPENSE STATUS
AND TO RETURN TO THE ACTIVE DOCKET

Plaintiffs, Tony and Leigh DelGuerico and DelGuerico's Wrecking & Salvage, Inc., hereby incorporate, by reference hereto, the facts and legal authorities set forth in *Plaintiffs' Motion to Remove Case From Civil Suspense Status and to Return to the Active Docket* as its Brief.

*Respectfully submitted,*

_____
*NEIL A. MORRIS*
*JULIE L. KITZE*
*Attorneys for Plaintiffs, Tony*
*and Leigh DelGuerico and*
*DelGuerico's Wrecking &*
*Salvage Inc.*

*OF COUNSEL:*
*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
*nmorris@namapc.com*
*Date: August 21, 2003*

5

## CERTIFICATION OF SERVICE

*Julie L. Kitze, Esquire,* hereby certifies that true and correct copies of *Plaintiffs' Motion to Remove Case From Civil Suspense Status and to Return to the Active Docket* were served upon the following, *Via* First Class Mail, Postage Prepaid, on August 21, 2003:

| | |
|---|---|
| David M. Maselli, Esquire<br>Wright & O'Donnell<br>15 East Ridge Pike, Suite 570<br>Conshohocken, PA 19428<br><br>Attorney for Defendants Springfield Township, Jeffrey Mease, Peter Lamana, Rodney Wieder, James Hopkins, Robert Zisko and Charles Halderman, Jr. | John M. Heley, Esquire<br>245 West Broad Street<br>P.O. Box 558<br>Quakertown, PA 18951<br><br>Attorney for Defendants John Hammill and Patricia Hammill |

_____
*JULIE L. KITZE*
*Attorney for Plaintiffs, Tony DelGuerico, Leigh DelGuerico and DelGuerico's Wrecking & Salvage, Inc.*

*OF COUNSEL:*

**NEIL A. MORRIS ASSOCIATES, P.C.**
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
*jkitze@namapc.com*

**Date: August 21, 2003**