IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO, ET AL. | : | CIVIL ACTION |
| v. | : | |
| SPRINGFIELD TOWNSHIP, ET AL. | : | NO. 02-3453 |

**O R D E R**

**AND NOW**, this 8th day of September, 2003, in consideration of Plaintiffs' "Motion to Remove Case From Civil Suspense Status and to Return to the Active Docket" (Docket No. 21) and Defendants' Response thereto, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

BY THE COURT:

_____
John R. Padova, J.

---

[1] Plaintiffs Tony and Leigh Delguerico have brought this action pursuant to 42 U.S.C. § 1983, the Pennsylvania Constitution, and Pennsylvania common law alleging that Defendants have conspired to deprive them of the business which they operate on their property located in Springfield Township, DelGuerico's Wrecking & Salvage, by issuing a Cease and Desist Order directed to DelGuerico's Wrecking & Salvage. The Township Defendants moved to dismiss Plaintiffs' claim pursuant to 42 U.S.C. § 1983 as unripe because the Zoning Hearing Board has not yet reached a decision on Plaintiffs' appeal of the Cease and Desist Order. On November 26, 2002, this action was placed on the suspense docket until the Zoning Hearing Board has issued a final decision on Plaintiffs' appeal of the Cease and Desist Order pursuant to Sameric Corp. of Delaware, Inc. v. City of Phila., 142 F.3d 582, 597 (3d Cir. 1998) ("It is well established that, in cases involving land-use decisions, a property owner does not have a ripe, constitutional claim until the zoning authorities have had 'an opportunity to arrive at a final, definitive position regarding how they will apply the regulations at issue to the particular land in question.'") (quoting Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1291 (3d Cir. 1993)). The parties agree that the Zoning Hearing Board has not yet reached a final decision on Plaintiff's appeal. Accordingly, Plaintiffs' Motion is denied.