IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 02-CV-3453 |
| | : | |
| SPRINGFIELD TOWNSHIP, et al. | : | (Electronically Filed) |
| | : | |
| Defendants, | : | |

**PRETRIAL MEMORANDUM OF SPRINGFIELD TOWNSHIP**

I.  **NATURE OF ACTION / BASIS FOR JURISDICTION**

Plaintiffs, Tony DelGuerico, Leigh DelGuerico, and DelGuerico's Wrecking & Salvage, Inc., commenced this action against Springfield Township, its Code Enforcement Officer and Board of Supervisors ("Township Defendants") and two neighbors, Patricia John Hammill, h/w. Plaintiffs allege that the Township Defendants, by issuing a Cease and Desist Order in June 2001, violated their substantive due process rights pursuant to 42 U.S.C. § 1983, and the Pennsylvania Constitution. Plaintiffs also seek recovery pursuant to Pennsylvania law, under the theories of intentional infliction of emotional distress, Count III, and intentional interference with contractual relations, Count IV. Plaintiffs allege that the Hammills conspired with the Township Defendants to violate the Plaintiffs civil rights.

II.  **STATEMENT OF FACTS**

According to Plaintiffs' Complaint, although not relevant, Anthony DelGuerico (Plaintiff's father) began storing trucks, junk, metal recyclables and scrap metal on the property in the 1960s. At some point thereafter, the DelGuericos began using the property for their solid

waste disposal business and junk disposal site. Plaintiffs' claim that the business pre-dates the Township's 1976 Zoning Ordinance, but have not produced any such documents to show as much.

The DelGuerico property is located in the Township's "Resource Protection District," which does not allow for the operation of solid wastes facilities. Over the years, the Township has received numerous complaints (i.e. noise, smell, dust, eye sore, etc.) by residents of the Township about the DelGuerico business. Whenever the Township received such complaints, the Township attempted to work with the DelGuericos and the residents to rectify the situation.

The Township Solicitor, James McNamara, Esquire, wrote an April 1, 1997 opinion letter concerning the DelGuerico property. Plaintiffs rely on this opinion for support of their allegations that the Township has acted arbitrarily and capriciously. Following a flurry of complaints, the Solicitor wrote the letter to the Township's Board of Supervisors regarding the DelGuerico's "vested right" to operate their business as it then existed. Plaintiffs seem to take the position in this lawsuit that pursuant to the Solicitor's letter, they have "carte blanche" to operate their business as they seem fit. The Solicitor's opinion is that their current use of the property is beyond the scope of any "vested right" they may have had in 1997.

The cease and desist letter was properly issued. In order to succeed on their substantive due process claim, the Plaintiffs must prove that the issuance of the cease and desist order "shocks the conscience." United Artists Threatre Circuit, Inc. v. Township of Warrington, 316 F. 3d 392 (3d Cir. 2003).

The Township is not trying to completely shut down Plaintiffs' business and the cease and desist letter makes no such attempt. The cease and desist letter directs that the DelGuericos cease from accepting "refuse and scrap materials being brought to your property and remove accumulated materials within thirty days." On numerous occasions in the months prior to the

issuance of the cease and desist letter, the Township's Code Enforcement Officer, Jeffrey Mease engaged Plaintiff Tony DelGuerico in discussions about a huge pile of trash accumulating in the driveway of the DelGuerico property. Mr. DelGuerico was asked to either remove the pile of trash, which Mr. DelGuerico agreed to do. Only after several broken promises by Mr. DelGuerico to remove the trash, was the cease and desist letter issued.

III.    **MONETARY DAMAGES**

Plaintiffs claim business damages as a result of the issuance of the cease and desist letter. This is despite the fact that following the issuance of the cease and desist, Plaintiffs appealed to Township's Zoning Hearing Board and never shut down their business, not even during the time period between the cease and desist and the appeal. They claim to have multiple contracts with businesses to perform services. Plaintiffs have not produced any such documents.

As a result of these allegations, Plaintiffs claim marital problems, Tony DelGuerico's condition of a detached retina, and the aggravation of other unspecified pre-existing injuries. Plaintiffs' counsel has not produced any medical records to support these allegations.

IV.    **WITNESSES**

1. Tony DelGuerico (Damages and Liability)
2. Leigh DelGuerico (Damages and Liability)
3. John Hammill (Liability)
4. Patricia Hammill (Liability)
5. Jeffrey Mease, Zoning Officer (Liability)
6. James McNamara, Township Solicitor (Liability)
7. Donald Kucher, Former Township Supervisor (Liability)
8. Gary Atherholt, Former Township Supervisor (Liability)
9. Charles Mease, Former Township Supervisor (Liability)

10. Mary Eberle, Esquire, Former Township Solicitor (Liability)

11. Dr. Maz Kazahaya (Damages)

12. Dr. Glen Oliver (Damages)

13. Dr. Michael Brosman (Damages)

14. Dr. Michael Tolentino (Damages)

15. Dr. William Tasman (Damages)

16. Dr. John Berdini (Damages)

17. Dr. Brian Raditz (Damages)

18. Corporate designee of DelGuerico's Disposal Service, (Liability and Damages)

19. Corporate designee of DelGuerico's Wrecking and Salvage, Inc., (Liability and Damages)

20. James A. Feola (Liability)

21. James Hopkins (Liability)

22. Rodney Wieder (Liability)

23. Peter Lamana (Liability)

24. Charles Halderman (Liability)

25. Barbara A. Zisko (Liability)

26. Defendants reserve the right to call witnesses listed on Plaintiff's Pretrial Memorandum and identified in documents listed below

27. Records custodians for all records produced through discovery

V. **EXHIBITS**

1. Transcript of Zoning Board, November 5, 2001;

2. Transcript of Zoning Board, July 1, 2002;

3. Waiver of sixty day hearing requirement;

4. March 21, 2001 correspondence of James McNamara;

5. January 24, 1997 correspondence of Arthur Carlson;

6. November 28, 1990 correspondence of Mary C. Eberle;

7. September 25, 1990 correspondence of Joseph A. Feola;

8. December 12, 2001 correspondence of David M. McFarlan, Esquire;

9. February 26, 1997 correspondence of Arthur Carlson;

10. April 5, 1990 correspondence of Anthony Riccardi;

11. undated newspaper article regarding dispute between Plaintiff Tony DelGuerico and Anthony DelGuerico in connection with DelGuerico Disposal, Inc.;

12. Indenture dated October 13, 1971; Indenture dated July 9, 1970;

13. April 1, 1997 correspondence of James McNamara, Esquire;

14. Sewage installation permit document circa 1977 relating to the DelGuerico property;

15. April 7, 1977 correspondence of Joseph A. Valentine;

16. June 30, 1997 correspondence of Dana Guerra; "An urgent, sincere request for your attention", circa April, 1997;

17. April 7, 1997, correspondence of Patricia M. David, Esquire;

18. February 16, 1998, correspondence of David M. McFarlan;

19. Newspaper article entitled "DelGuerico Ordered to Pay";

20. November 13, 2000, correspondence of John Hammill, Jr.;

21. Photocopies of photographs dated June 19, 2001;

22. Aerial photographs;

23. June 1, 2001 correspondence of James McNamara;

24. June 8, 2001 Springfield Township Police Department incident investigation report (three pages);

25. March 15, 2001, general inspection report of the Commonwealth of Pennsylvania, Bureau of Land Recycling and Waste Management;

26. All exhibits from the Zoning Board hearings of November 5, 2001, and July 8, 2002;

27. April 9, 1997, newspaper article entitled, "Trash Hauling Company May Be Able to Stay";

28. April 9, 1997 newspaper article entitled, "Court Action Possible Over Disposal Business";

29. May 28, 1997 newspaper article entitled, "Agreement Will Shield Springfield Disposal Service";

30. Indenture dated September 27, 1996; Indenture/Deed dated January 23, 1998;

31. Bucks County Court of Common Pleas Complaint in Equity, <u>Springfield Township vs. Anthony DelGuerico and Patricia DelGuerico</u>, No. 90008819;

32. Springfield Township Board of Supervisor meeting minutes of November 13, 1990;

33. Undated newspaper article entitled, "Springfield Suspends Suit on Dump Site";

34. Copy of purported Affidavit of Laverne Bauder dated January 24, 1991;

35. Copy of purported Affidavit of Clara Williams, dated January 28, 1991;

36. Undated letter of Francis M. Mishovsky;

37. April 19, 1995 correspondence of Nelson Heffelfinger;

38. September 3, 1990 correspondence of Joseph Saba;

39. September 5, 1990, correspondence of Nick Marino;

40. March 1, 1993 Recycling Agreement;

41. May 30, 2000, correspondence of James McNamara;

42. October 25, 1994, correspondence of Anthony Riccardi;

43. Waste Flow Control Reports and license applications for DelGuerico's disposal;

44. Certificates of insurance for DelGuerico's Disposal;

45. Municipal waste disposal site Affidavit of Chrin Landfill;

46. 1987-1990 customer payment ledger of DelGuerico Disposal Service;

47. July 27, 1995 fax cover sheet from Tony DelGuerico enclosing waste/recycling report of January-June, 1995;

48. September 21, 1995 correspondence of Jeffrey Mease to Tony DelGuerico;

49. 1996 Municipal and Solid Waste reports of DelGuerico Disposal, Inc.;

50. December 3, 1997 correspondence of Jeffrey Mease;

51. February 3, 1998 fax from Jane Litschauer enclosing Recycling and Municipal Solid Waste report of 1997;

52. Certificates of liability insurance for DelGuerico's Disposal;

53. December 14, 1998 correspondence of Jeffrey Mease;

54. February 11, 1999 correspondence of Jeffrey Mease;

55. December 14, 1999 correspondence of Jeffrey Mease;

56. February 9, 2001, correspondence of Jeffrey Mease;

57. November 7, 2000, correspondence of Jeffrey Mease;

58. March 21, 2001 fax cover sheet of Leigh DelGuerico attaching Recycle Report and Survey of 2000;

59. March 19, 2001, fax from Barbara Smith to the DelGuericos;

60. Bucks County Court of Common Pleas Complaint, Answer, Reply to New Matter, and Petition to Join in matter of <u>Anthony DelGuerico vs. Patricia DelGuerico and Tony DelGuerico and Leigh DelGuerico</u>;

61. February 24, 1997, minutes of Board of Supervisors meeting;

62. March 11, 1997, minutes of Board of Supervisors meeting;

63. April 8, 1997, minutes of Board of Supervisors meeting;

64. May 27, 1997, minutes of Board of Supervisors meeting;

65. June 10, 1997, minutes of Board of Supervisors meeting;

66. September 9, 1997, minutes of Board of Supervisors meeting;

67. June 13, 2000 correspondence of Peter Lamana to Tony DelGuerico;

68. May 30, 2000, correspondence from James McNamara to Anthony DelGuerico;

69. Copy of check, Affidavit, and Judgment note and letter of Daniel Rufe, circa February, 1997 regarding steel fabricated building;

70. Diagram of Graus Lane and DelGuerico property;

71. March 8, 2000, correspondence of Greg Emmons, Esquire, to David McFarlan, Esquire;

72. April 22, 2002, correspondence of Greg Emmons, Esquire to James McNamara, Esquire;

73. September 14, 2001, correspondence of David McFarlan, Esquire to James McNamara, Esquire;

74. January 2, 2002, correspondence of Gregory Emmons, Esquire to David McFarlan, Esquire;

75. November 29, 2001, correspondence of David McFarlan, Esquire to Greg Emmons, Esquire;

76. November 26, 2001 correspondence to James McNamara, addressed to David McFarlan, Esquire;

77. February 11, 2000 correspondence to John Hammill, Jr. addressed to "Springtown" Township Supervisors;

78. January 28, 2002, correspondence of David McFarlan, Esquire addressed to Dennis Denard, Esquire;

79. Proposed Settlement of Zoning Dispute authored by David McFarlan, Esquire;

80. March 27, 2001, correspondence of David McFarlan, Esquire to James McNamara, Esquire;

81. July 6, 2001, correspondence of David McFarlan, Esquire, addressed to James McNamara; and

82. April 25, 2002, correspondence of James McNamara to Neil Morris, Esquire.

83. 1997 Opinion of Solicitor McNamara

84. Plaintiffs' Complaint

85. Plaintiffs' Answers to Discovery and Self Executing Disclosures

86. Medical Records of Dr. Maz Kazahaya

87. Medical Records of Dr. Glen Oliver

88. Medical Records of Dr. Michael Brosman

89. Medical Records of Dr. Michael Tolentino

90. Medical Records of Dr. William Tasman

91. Medical Records of Dr. John Berdini

92. Medical Records of Dr. Brian Raditz

93. Transcript of Zoning Hearing Board, May 5, 2003

94. Transcript of Zoning Hearing Board, June 2, 2003

95. Answers to discovery from all parties

96. Defendants reserve the right to introduce Exhibits listed on all other parties' Pretrial Memorandum.

97. All documents produced through discovery

VI. **NUMBER OF DAYS FOR TRIAL**

Defendants anticipate it will need 3-4 days to present the defense of this case.

VII.  **SPECIAL COMMENTS**

    A.  **LEGAL ISSUES**

The Complaint in this matter was not filed until May 30, 2002 – well beyond the six-month statute of limitations set forth in 42 Pa. C.S.A. Sect. 5522 (b)(1).

Plaintiffs claim to have multiple contracts with businesses to perform services, but Plaintiff's counsel has not produced any such documents.

Regarding damages, Plaintiffs claim marital problems, Tony DelGuerico's condition of a detached retina, and the aggravation of other unspecified pre-existing injuries.  However, Plaintiffs have not produced any medical records to support these claims.

    B.  **STIPULATIONS**

        None.

    C.  **AMENDMENTS TO PLEADINGS**

        None.

    D.  **OTHER APPROPRIATE MATTERS**

        None at this time.

        Respectfully submitted,
        WRIGHT & O'DONNELL, P.C.

        BY: /s/ David M. Maselli
            David M. Maselli
            P.A. ID No. 70824
            David R. Friedman
            P.A. ID No. 76494

            15 East Ridge Pike Ste 570
            Conshohocken, PA 19428
            610.940.4092
            Attorney for Defendant
            Springfield Township

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed with the Court via the Electronic Case Filing system and was served on the below listed of counsel of record through the same means or by U.S. Mail, postage pre-paid, this 9th day of August, 2004.

Neil A. Morris, Esquire
Neil A. Morris Associates, P.C.
Mellon Bank Center
1735 Market Street, 43rd Floor
Philadelphia, PA 19103

John M. Heley, Esquire
245 W. Broad Street
P.O. Box 558
Quakertown, PA 18951

/s/ David M. Maselli
David M. Maselli