IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO and | : | CIVIL ACTION |
| LEIGH DELGUERICO | | |
| | : | No. 02-CV-3453 |
| and | | |
| | : | |
| DELGUERICO'S WRECKING & | | |
| SALVAGE | : | |
| | | |
| Plaintiffs, | : | |
| v. | | |
| | : | |
| SPRINGFIELD TOWNSHIP; | | |
| JEFFREY MEASE, Individually and as | : | |
| Code Enforcement Officer for | | |
| Springfield Township; PETER LAMANA; | : | |
| RODNEY WIEDER; JAMES HOPKINS; | | |
| ROBERT ZISKO and CHARLES | : | |
| HALDERMAN, JR., Individually and as | | |
| Members of the Board of Supervisors | : | |
| of Springfield Township | | |
| | : | |
| and | | |
| | : | |
| JOHN HAMMILL and | | |
| PATRICIA HAMMILL | : | |
| | | |
| Defendants. | : | |

**MOTION TO ENFORCE SETTLEMENT BETWEEN SPRINGFIELD
TOWNSHIP DEFENDANTS AND PLAINTIFFS**

*AND NOW*, Plaintiffs by their counsel, Neil A. Morris Associates, P.C., hereby move to enforce settlement agreed upon by the Plaintiffs and Springfield Township Defendants and allege as follows:

1.     This lawsuit was filed on May 30, 2002, by Plaintiffs, alleging, *inter alia*, violations of their civil rights in the actions of Defendants in issuing a cease and desist order

and conspiring to prevent Plaintiffs from using their land as they have for 34 years, as a recycling business.

2. A parallel zoning action was ongoing with David Macfarlan on behalf of the DelGuericos to challenge the zoning restrictions imposed upon them.

3. This Court had a settlement conference on November 21, 2002 with Magistrate Justice Charles B. Smith to attempt to resolve the federal matter. A resolution was not reached at that conference. The case was then immediately placed in suspense by Judge John R. Padova pending the outcome of a hearing before the Zoning Hearing Board ("ZHB") regarding Tony DelGuerico's property. Following the ZHB decision a phone conference was held with all parties on March 25, 2004. The case was removed from the suspense file on April 2, 2004 and a settlement conference was scheduled for April 15, 2004. At the conference in Judge Padova's chambers on April 15, 2004, settlement was extensively discussed between all the parties. Present were the Court, the Court's law clerk, David Maselli, counsel for Springfield Township, James McNamara, on behalf of Springfield Township, a member of the Board of Supervisors of Springfield Township, John Heley, counsel for John and Patricia Hammill, Neil A. Morris and Mark D. Chiacchiere, counsel for Plaintiffs and David McFarlan, zoning counsel for the Plaintiffs. Also present were Tony and Leigh DelGuerico, Plaintiffs, and John and Patricia Hammill, Defendants.

4. At the conference, lasting approximately four hours, a settlement on all the material terms was reached between the parties (with the exception of the Hammills, who are being dismissed) consisting of a monetary payment from Springfield Township, in the

amount of $35,000, and an agreement on all aspects of the zoning of the DelGuerico's property in the future. The settlement would cover zoning of the property and this Federal Civil Rights Action. As noted, the Hammill Defendants did not agree to participate in any settlement. They are in the process of being voluntarily dismissed from this action by stipulation of the parties.

5. The settlement agreement also contained a provision for the DelGuericos to erect an approximately 30,000 square foot building on their property to contain their recycling operations.

6. Though the parties agreed to all of the material terms of the settlement they were to work out the details of how the actual zoning issues were to be handled between the parties through David Macfarlan, zoning attorney for the DelGuericos and James McNamara, Township Solicitor, for Springfield Township.

7. On May 14, 2004, the Court held a telephone conference on settlement progress and a draft Consent Decree was faxed by counsel for Plaintiffs to all parties on May 20, 2004 for their review. The decree contained substantially all of the material terms of the agreement to settle the action between the Parties including all zoning issues and disputes. See Exhibit "A".

8. On May 21, 2004 by letter, James McNamara, the Township Solicitor, set forth several changes he wanted to the Consent Decree. See Exhibit "B". Those changes were made. See Exhibit "C". Mr McNamara did not indicate any other changes were necessary. No other substantial changes were requested by any other party. Indeed, neither

Mr. McNamara nor anyone else, mentioned anything about Plaintiffs paying any money to Springfield Township as part of the settlement process, including the zoning requirements. To date, the only payment was to be made by the Township Defendants to Plaintiffs. Indeed, Plaintiffs agreed to pay for and construct the building Defendants asked for at what will likely cost Plaintiffs six figures.

9. On May 25, 2004, a telephone conference with all parties and Judge Padova took place where again the status of settlement was discussed with Judge Padova and it was determined that the settlement was still on track. At this time, the parties were finalizing the wording of the Consent Decree whose material terms already had been agreed upon as stated above.

10. Again, as of the time of the second conference, neither attorneys nor Defendants raised any issues about Plaintiffs paying any zoning or building fees to Defendants to erect the building Defendants were insisting upon. Following the various conferences and the actual settlement and Consent Decree which had been agreed upon, on June 10, 2004, Springfield Township, by its Solicitor, James McNamara, Springfield Township, suddenly decided to change the terms of the agreement which he had already agreed upon and claimed that various fees for engineering, building permits and the like would be borne by the DelGuericos as part of the settlement. See Exhibit "D". He also sought changes to the agreement and has subsequently sought further changes to the agreement that the DelGuericos comply with the Soil Conservation Law of Pennsylvania and the Storm Water Management Ordinance of Springfield Township without supplying a copy

of the law or ordinance when repeatedly requested by Plaintiffs counsel. (See letters of July 14, 2004 and July 23, 2004 containing letter of engineer Robert Wynn). See, Exhibits "E" and "F" hereto. Each of these changes greatly increases the cost to the DelGuericos of enforcing this settlement agreement. It appears that the Defendants wish to nickel and dime or, more correctly, thousand and ten thousand, the Plaintiffs on the settlement agreement that they had already agreed upon.

11. The interested parties had agreed to all of the material terms of the Consent Decree and had thrice represented that to the Court. However, Springfield Township attorneys are now creating new conditions on the settlement which were not part of the original agreement. Only recently as the settlement is about to be finalized and signed have the Springfield Township Defendants begun to claim that various fees and design changes would be necessary to be made to the building, all at the expense of the DelGuericos.

12. The settlement conferences were clear, in that all expenses, fees, payments and damages were to include the $35,000 payment from Defendants to Plaintiffs and Plaintiffs would pay their own construction costs and attorney's fees. It appears now that Springfield Township, while paying $35,000 as a settlement in this matter, wants Plaintiffs to pay tens of thousands of dollars in fees for the resolution of this matter and they have still not identified what those fees will be. This was not part of the agreement.

13. This sudden about-face on the part of the Township Defendants should not be countenanced. The Township had agreed to a settlement of $35,000 and Plaintiffs have agreed to many concessions, including the erection of a 30,000 square foot building, a tree

buffer and severe restrictions on business operations. The Plaintiffs are upholding their end of the bargain. Apparently, the Township wishes to change the terms of the agreement. This simply cannot stand.

14. Township Solicitor, James McNamara, also, later sent a letter on July 14, 2004 and a fax containing a letter from the Township Engineer on July 23, 2004 to seek to impose further restrictions and changes to the agreement.

15. Springfield Township Defendants are attempting to violate a settlement agreement which had been validly negotiated and agreed to in front of the Court. Defendants should be held to the agreement which they have negotiated and has been put into writing.

16. In relying on the settlement agreement which had been negotiated with the Court, the Plaintiffs have not completed or sought any further discovery as settlement had been reached. On June 28, 2004, the Court set a trial date of September 27, 2004 for the trial of this matter. Plaintiffs did not object to this as they, with good cause, believed the settlement had been reached. Therefore, they would be prejudiced if the Court were to deny this Motion to Enforce Settlement and insist the case go to trial.

17. This Honorable Court should enforce the settlement agreed to upon the Parties at the settlement conference of April 15, 2004. Plaintiffs ask the Court to enter an Order assuring that Defendants will not be required to pay any monies other than the construction costs themselves of various buffers and buildings agreed upon in the settlement agreement. Plaintiffs should not be liable for any fees, permits, escrows or engineering costs (other than their own) as those costs were a part of the consideration for the settlement agreement.

**WHEREFORE,** Plaintiffs ask that this Honorable Court enter an Order enforcing the settlement agreement as agreed upon by the Parties on April 15, 2004, May 14 & 25, 2004.

*Respectfully submitted,*

---

*NEIL A. MORRIS*
*MARK D. CHIACCHIERE*
*Attorneys for Plaintiffs,*
*Tony DelGuerico, Leigh DelGuerico and*
*DelGuerico's Wrecking & Salvage, Inc.*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*(215) 751-0600 (Tel.)*
*(215) 751-1425 (Fax)*
*nmorris@namapc.com*

*Date:  August 9, 2004*