IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *TONY DELGUERICO* and | : | CIVIL ACTION |
| *LEIGH DELGUERICO* | | |
| | : | No. 02-CV-3453 |
| and | | |
| | : | |
| *DELGUERICO'S WRECKING &* | | |
| *SALVAGE* | : | |
| | | |
| *Plaintiffs,* | : | |
| v. | | |
| | : | |
| *SPRINGFIELD TOWNSHIP;* | | |
| *JEFFREY MEASE, Individually and as* | : | |
| *Code Enforcement Officer for* | | |
| *Springfield Township; PETER LAMANA;* | : | |
| *RODNEY WIEDER; JAMES HOPKINS;* | | |
| *ROBERT ZISKO and CHARLES* | : | |
| *HALDERMAN, JR., Individually and as* | | |
| *Members of the Board of Supervisors* | : | |
| *of Springfield Township* | | |
| | : | |
| and | | |
| | : | |
| *JOHN HAMMILL and* | | |
| *PATRICIA HAMMILL* | : | |
| | | |
| *Defendants.* | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
BETWEEN SPRINGFIELD TOWNSHIP DEFENDANTS AND PLAINTIFFS**

   I.   INTRODUCTION

Plaintiffs' and Defendant's counsel, their respective clients and Judge Padova participated in a settlement conference on April 15, 2004 in the chambers of Judge Padova. At this conference a settlement was reached whereby Springfield Township Defendants would pay $35,000 in settlement of the claim and the various zoning issues would be

resolved. (See Exhibit "A"). At the conference, the zoning issues were discussed between David Macfarlan, zoning counsel for the DelGuericos and James McNamara and David Maselli, counsel for Springfield Township on the zoning issues. A meeting of the minds took place and all material terms were agreed to in the settlement. The DelGuericos agreed that they would have only ten (10) trucks and restricted their operating hours. They also agreed to construct an approximately 30,000 square foot building to house their recycling operation on their property. All material terms which were agreed upon at the settlement conference have been subsequently reduced to writing. See Exhibit "A" and "C". However, Springfield Township Defendants now seek to have the DelGuericos pay various permits, fees, escrows and engineering costs for the construction of the 30,000 square foot building. These fees may run into the tens of thousands of dollars and were not contemplated or included as part of the settlement agreement. Defendants also seek to have Plaintiffs comply with the "Soil Conservation Law of Pennsylvania" and "Stormwater Management Ordinance" of Springfield Township, without supplying copies of the various laws and requirements to Plaintiffs as requested. Plaintiffs seek to enforce the terms of the original settlement agreement the material terms of which were agreed upon by all parties.

      Defendants John and Patricia Hammill are not parties to the settlement agreement and are in the process of being dismissed by Stipulation of the Parties, as agreed to at the settlement conference.

      Trial for the matter is currently scheduled for September 27, 2004.

## II.  THE SETTLEMENT AGREED TO ON APRIL 15, 2004 BY ALL PARTIES SHOULD BE ENFORCED BY THE COURT.

Plaintiffs and Springfield Township Defendants agreed to a settlement of this matter and dismissal of the Hammill Defendants at settlement conference on April 15, 2004. This settlement was re-affirmed in subsequent telephone conferences with Judge Padova on May 14, 2004 and May 25, 2004. By letter of June 10, 2004 and letter of July 14, 2004, attorney for Springfield Township, James McNamara and the Springfield Defendants seek to change the contents of material terms of the settlement agreed upon by the parties.

The initial settlement agreement has been memorialized in substantial form by a draft consent decree attached hereto as Exhibit "A". This consent decree was sent to all parties, by Plaintiffs' counsel, on May 20, 2004 for their review and approval. Following the circulation of this document a telephone conference was held with Judge Padova where settlement was re-affirmed and all of its material terms were agreed upon. There were only minor technical changes requested by Springfield Township Defendants, as evidenced in their letter of May 21, 2004, which were incorporated into the Consent Decree. See Exhibit "C".

Now, after the agreement has not only been agreed to, but has been reduced to writing, the Springfield Township Defendants seek to change the material terms of the agreement and require Plaintiffs to incur substantial costs that were not contemplated or consideration for the settlement agreement.

This Court has jurisdiction to enforce the settlement agreement entered into by parties on a case currently pending before it.  See *McCune v. First Judicial District of Pennsylvania Probation Department*, 99 F.Supp. 2d 565, 566 (E.D.Pa. 2000).  The parties clearly entered into a settlement agreement that was binding upon them.  They deliberated for over four hours in front of Judge Padova on April 15, 2004, in order to bring this matter to resolution.  All material terms were agreed upon by all parties and settlement should be enforced in substantially of the same form as the consent decree which has been exchanged between the parties.  See Exhibit "C".  The settlement agreement is binding once the parties express mutual assent to its material terms and conditions.  See *Mainline Feeders Inc. v. Paramount Films Distribution Corporation*, 298 F.2d 801, 803 (3d Cir. 1962); Pugh v. Super Fresh Food Markets, Inc. 640 F.Supp. 1306, 1308 (E.D. Pa. 1986).  It need not be reduced to writing to be enforceable.  See *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir. 1970); *McCune*, 99 F.Supp 2d at 566.

The parties clearly agreed to the material terms at the settlement conference on April 15, 2004 and in subsequent telephone conferences with Judge Padova they further agreed to settle this matter for the payment of $35,000, the resolution of the zoning issues, as well as the construction of an approximately 30,000 square foot building, the erection of which was to be paid for by the DelGuericos and the planting of a buffer of trees around the property.  The plan for the building was expressly not subject to the Springfield Township Planning Board and it was agreed that the plan would be approved by the Township.

It appears now that Springfield Township is seeking to hold hostage the DelGuericos and interfere with the settlement that they had already agreed to. In making their new requirements for settlement that the Plaintiffs comply with the Soil Conservation Law of Pennsylvania (which Springfield Township has not supplied to the Plaintiffs) and with the Stormwater Management Ordinance of Springfield Township, which again, Springfield Township has refused to supply the Plaintiffs, they are seeking to add additional costs which will dwarf any settlement received by Plaintiffs. Springfield Township also seeks to have the DelGuericos pay all permit fees and other costs associated with the building including engineering escrows and construction permits. These costs are in the tens of thousands of dollars and were not agreed to be paid as part of the settlement. Springfield Township now seeks to settle on the one hand, but take back that settlement with the other hand and continue to harass and hold hostage the DelGuericos in the conduct of their business. The fact that Springfield Township may have experienced a change of heart after they had agreed to the settlement does not invalidate the agreement. See *McCune*, 99 F.Supp 2d at 566; *Pugh*, 640 F.Supp. at 1308. See also *Goode v. Pennsylvania RR*, 384 F.2d 989, 990 (3d Cir. 1967)("The obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client, is one which pervades the law.").

That the Parties have entered into an agreement of settlement is not in dispute. The Parties agreed to the material terms of settlement. The DelGuericos gave consideration in giving up their lawsuit and agreeing to limitations in the conduct of their business in

exchange for the $35,000 payment. They did not agree to the payment of additional fees to complete the settlement agreement. That was part of the consideration of this agreement that the Township would waive any fees and costs associated with the construction of any building or any buffer-zone on their property.

The agreement to settle, voluntarily entered into by the Parties, is binding whether or not made in the presence of the Court and even *in the absence of a writing*. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970)(emphasis supplied). The District Court follows the policy favoring the amicable resolution of disputes and the avoidance of costly and time consuming litigation. See *Pugh*, 640 F.Supp. at 1307. The settlement should be enforced as a judicially favored manner for terminating litigation by the fact that it has been agreed to by all Parties. See *Gross v. Penn Mutual Life Insurance Co.*, 396 F.Supp. 373, 374 (E.D. Pa 1975). Settlement should be enforced by the Court.

The fact the terms were not put on the record at the settlement conference of April 15, 2004 does not change the fact that the settlement was agreed to and the material terms of the settlement are binding. If the Parties agree on the material terms of an agreement and intend them to be binding, as in the instant case, "a contract is formed even though they intend to adopt a formal document with additional terms at a later date" *Capek v. Mendelson*, 822 F.Supp. 351, 357 (E.D.Pa. 1993) (Quoting *Courier Times, Inc. v. United Feature Syndicate, Inc.*, 300 Pa. Super 40, 54, 445 A.2d 1288, 1295 (Pa.Super.1982)). There can be no dispute that the Parties agreed upon the material terms of the settlement for the terms substantially

included in the consent decree at Exhibit "C" and that they did not agree, in fact specifically *agreed to exclude* any fees or costs having to be paid by the DelGuericos to build their prefabricated recycling building and any other construction contemplated by the settlement agreement. Springfield Township's bald attempt to change the settlement agreement and the terms cannot proceed and they should be ordered to proceed with settlement as agreed upon at the conference of April 15, 2004.

### III.    CONCLUSION

The Parties had a valid and binding settlement agreement reached on April 15, 2004. That agreement between Springfield Township Defendants and Plaintiffs must be enforced as agreed upon. The Plaintiffs shall not be required to pay any fees for permits, escrows or engineering costs or any other costs for the erection of any buildings or buffers required under the settlement agreement.

Respectfully submitted,

_____
*NEIL A. MORRIS*
*MARK D. CHIACCHIERE*
*Attorneys for Plaintiffs*
*Tony and Leigh DelGuerico and*
*DelGuerico's Wrecking and*
*Salvage, Inc.*

**OF COUNSEL:**

**NEIL A. MORRIS ASSOCIATES, P.C.**
**Mellon Bank Center**
**1735 Market Street, 43rd Floor**
**Philadelphia, PA 19103**

*Tel. (215) 751-0600*
*Fax (215) 751-1425*
*[mchiacchiere@namapc.com](mchiacchiere@namapc.com)*


*Date: August 9, 2004*

IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *TONY DELGUERICO, et al.* | : | CIVIL ACTION |
| *Plaintiffs,* | : | No. 02-CV-3453 |
| *v.* | : | |
| *SPRINGFIELD TOWNSHIP, et al.* | : | |
| *Defendants.* | : | |

### ORDER

**AND NOW,** this _____ day of _____, 2004, it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion to Enforce Settlement is **GRANTED**. The Court will enforce the settlement agreement as drafted as Exhibit "C" to their motion. The Plaintiffs, Tony DelGuerico, Leigh DelGuerico and DelGuerico Wrecking and Salvage, Inc., ***will not*** be required to pay any permits, fees, escrows or other costs whatsoever for the erection of any building and/or any buffer and/or other construction needed to enforce this settlement agreement.

_____
*JOHN R. PADOVA,          J.*