# EXHIBIT A



# McNAMARA, BOLLA & WILLIAMS

*Attorneys at Law*

122 East Court Street
Doylestown, PA 18901
215.345.8888
215.345.5358 Fax

James M. McNamara
jmcnamara@pil.net

William J. Bolla
wjbolla@pil.net

Keith J. Williams
kjwilliams@pil.net

Thomas E. Panzer
tepanzer@pil.net

November 22, 2002

C. Robert Wynn, PE
C. Robert Wynn Associates, Inc.
211 W. Broad Street
Quakertown, PA 18951

   Re: Tony DelGuerico v. Springfield Township, et al.
      U.S. District Court

Dear Bob,

   You probably have a passing awareness that Tony DelGuerico filed a federal civil rights action against Springfield Township, its Supervisors, Zoning Officer Jeffrey Mease, and his neighbor, John Hammill, following the filing of a Cease and Desist action that Mr. Mease lodged against the DelGuerico trash operation on Grouse Lane after Mr. Mease discovered a large pile of solid waste on the ground.

   At the same time, starting as early as 1997, the Board of Supervisors had accepted that the trash hauling operation conducted by Mr. DelGuerico and his corporation, as well as the household recycling of glass, bottles and newspapers would not be subject to violations, at least at its existing size, based on the long-standing nature of that operation and the Township's knowledge and acquiescence in this business activity, despite the fact that it was located in a RP Resource Protection Zoning District.

   At the same time, back in 1997, the Township indicated that it would be prepared to sign an agreement with Mr. DelGuerico to allow him to separate construction and demolition waste provided this operation was in compliance with Pennsylvania's Solid Waste Management Act which, as I understand it, requires that any such operation be conducted inside a closed building, on a concrete slab that incorporates a waste water management system designed to retain and properly dispose of any liquid released during the sorting of such materials. The parties exchanged several drafts in an attempt to reduce our verbal agreement to writing.

   One difficult issue involved Springfield Township's insistence that any building erected in compliance with this standard must meet the provisions of the Springfield Township Subdivision and Land Development Ordinance, most particularly in connection with storm water management, setbacks, height requirements and the like. Mr. DelGuerico and his attorneys had objected to this provision on the basis that the Supervisors themselves had the ability to interfere with, and even reject, any plan that Mr. DelGuerico might submit to comply with this requirement. Springfield Township

C. Robert Wynn, P.E.
November 22, 2002
Page 2 of 2

argued, on the other hand, that the construction of such a substantial industrial building could not simply be a matter of negotiation between lawyers, but required the technical input that the Township Engineer provides for all subdivision and land development submissions. Zoning Officer Jeffrey Mease also believes that his review of land developments is important, particularly as it takes into account the impact on the neighborhood. In all of this, the Springfield Township Supervisors were prepared to accept that, in spite of the resource protection zoning, they would agree to allow such uses based on the long history of the use of the Grouse Lane property for this or similar purposes.

On Thursday, November 21, 2002, at the direction of U.S. District Court Judge John Padova, the attorneys met with U.S. District Magistrate Charles B. Smith in an effort to settle the case. While settlement will involve a number of issues and further negotiation among the parties, Judge Smith did direct, with our agreement, that Mr. DelGuerico would secure the services of his own engineer who would contact you to discuss the terms of a technical submission which would be the equivalent to a land development submission concerning the construction of a building designed to meet the Commonwealth's solid waste and construction and demolition waste requirements. Mr. DelGuerico would determine the approximate size and scope of the project, as would anyone considering a land development and then prepare a submission. Our proposal is that you, as Township Engineer, would review the submission in light of our Subdivision and Land Development Ordinance in order to determine whether the submission was in technical compliance with the Ordinance. If it met those standards, then the Supervisors could agree to approve a possible settlement of the Federal Civil Rights action which would incorporate the design and review of the land development without the need for formal submission of a land development plan to the Springfield Township Planning Commission and the Springfield Township Board of Supervisors. In effect, the Board would agree to the land development and it would not be subject to further changes or rejection if it were part of a settlement approved by the Federal Court.

I am advising you of this as Mr. DelGuerico is to hire an engineer within the next week who is expected to discuss with you the parameters of the submission that he or she will make concerning the proposed land development. Do feel free to contact me if you have any questions.

Very truly yours,

James M. McNamara

JMM/gkf

cc: David M. Maselli, Esq.
John M. Heley, Esq.
Greg B. Emmons, Esq.
David Macfarlan, Esq.
Neil A. Morris, Esq.
Barbara A. Smith, Springfield Township Manager
Jeffrey Mease, Springfield Township Zoning Officer

# EXHIBIT B

# McNAMARA, BOLLA, WILLIAMS & PANZER

*Attorneys at Law*

122 East Court Street
Doylestown, PA 18901
215.345.8888
215.345.5358 fax
www.mbwplaw.com

James M. McNamara
jmcnamara@mbwplaw.com

William J. Bolla
wjbolla@mbwplaw.com

Keith J Williams
kjwilliams@mbwplaw.com

Thomas E. Panzer
tepanzer@mbwplaw.com

June 10, 2004

David M. Macfarlan, Esquire
1255 Easton Road
Warrington, PA 18976-1822

Re: Tony Del Guerico vs. Springfield Township
Civil Action No. 02-3453 (E.D. Pa.)

Dear David,

In regard to the Federal Court Action filed by the Del Guericos against Springfield Township and the individual defendants, I wish to indicate a couple of items that I believe should be included in the Consent Decree, following my discussion with the Springfield Township Board of Supervisors this week. I have not copied John Heley, Esq., on the basis that the Consent Decree, as it reads now, contemplates that they are to be voluntarily dismissed as party defendants. If this is incorrect, please advise as I must then share this correspondence with John Heley, Esq.

I have previously written to you concerning our disagreement with language that would register this property under Section 1109 of the Springfield Township Zoning Ordinance as an existing non-conforming use. At the present time, I want to address Paragraph 15 of the Consent Decree, in the only draft that has been circulated to me thus far. What I propose is that the Plaintiffs will submit a Land Development Plan to Springfield Township for construction of the contemplated building to house the recycling operation. The plan will be reviewed by the Springfield Township Engineer, C. Robert Wynn, P.E. to determine whether it fully complies with the requirements of our Subdivision and Land Development Ordinance, including the Springfield Township Stormwater Management Ordinance, which is part of the Subdivision and Land Development Ordinance. Springfield Township will agree to waive normal subdivision fees, but the Plaintiffs will be responsible for deposit of the appropriate escrows in order to cover the cost of professional reviews, specifically the engineering review. The required escrows are already spelled out in our ordinances and fee schedules.

The plan will not have to be submitted to the Springfield Township Planning Commission for review. Once the Township Engineer indicates that the plan satisfies the requirements of the Subdivision and Land Development Ordinance, and certifies the same to the Board of Supervisors, the Board of Supervisors will approve the plan as a land development in accordance with the Consent Decree.

David M. Macfarlan, Esq.
June 10, 2004
Page 2 of 2

The building and other required permits are reviewed by the Township Code Enforcement Officer, and not the Township Engineer. The Consent Decree should reflect this. All normal permit and inspection fees shall be paid. Finally, the Consent Decree contemplates an evergreen buffer of white pines. Mr. Wynn notes that white pines are a shade intolerant species, which should not be installed in shade or areas with long periods of shade. Further, they will be heavily damaged if there is a significant deer population, which is almost inevitable in Springfield Township. A substitute species of Norway spruce should be included as more shade tolerant and deer resistant. While I do not believe that it is necessary to spell out every detail in the Consent Decree, please note that the Land Development Ordinance does specify the required height of buffer trees and provides that they shall be replaced in the event that they should die. I want this noted now as it is likely to be a condition of land development approval.

With the inclusion of language that will satisfy these concerns, the Board of Supervisors has indicated their willingness to enter a Consent Decree. It does not appear that we will be able to reach an accommodation with Mr. and Mrs. Hammill in the zoning case before the Bucks County Court. However, Springfield Township is prepared to fulfill its' part of the bargain, by joining in any effort to enforce the terms of the Consent Decree before the Court of Common Pleas, agreeing to their withdrawal of the appeal, or other appropriate steps to bring the zoning case to a satisfactory conclusion consistent with the terms of the Consent Decree.

Very truly yours,

James M. McNamara

JMM/chl

cc: David Maselli, Esq.
Mark D. Chiacchiere, Esq.
C. Robert Wynn, P.E.

BCC - ST - BOS

# EXHIBIT C



# McNAMARA, BOLLA, WILLIAMS & PANZER

## Attorneys at Law

122 East Court Street
Doylestown, PA 18901
215.345.8888
215.345.5358 fax
www.mbwplaw.com

James M. McNamara
jmcnamara@mbwplaw.com

William J. Bolla
wjbolla@mbwplaw.com

Keith J. Williams
kjwilliams@mbwplaw.com

Thomas E. Panzer
tepanzer@mbwplaw.com

May 21, 2004

David M. Macfarlan, Esquire
1255 Easton Road
Warrington, PA 18976-1822

Re: Springfield Township/DelGuerico Zoning Appeal

Dear David,

I have reviewed the draft of a Consent Decree circulated by Neil Morris, Esq. and have passed it on to the Springfield Township Board of Supervisors for comment. I do want to question Mr. Morris's assertion that you and I have agreed to a resolution of the zoning issues as presented with the draft. As you know, we have not discussed the issues since our meeting with Judge Padova. Nevertheless, I think that we both recognize that we have been on the verge of a settlement of the basic zoning issues several times in the past few years, and I do recognize the basic terms outlined in the draft, which I assume you prepared for Mr. Morris.

I do have a problem with part of paragraph ten of the Consent Decree. Registration under Section 1109 of the Springfield Township Zoning Ordinance would be recognition that the property is a valid non-conforming use. Neither the Township nor the Zoning Hearing Board agreed that the DelGuericos had established that the property was used for waste hauling and recycling prior to the adoption of zoning in Springfield Township. This would not affect their right to continue to use the property under the terms of the Consent Decree if you would remove all references to Section 1109 from paragraph ten. It would be acceptable to suggest that Plaintiffs have established a vested right to use the property consistent with the terms of this Consent Decree and the Township agrees not to challenge that right based on zoning now or in the future.

I assume that the map referred to as Exhibit "A" in paragraph eleven will be the map that accompanied the decision of the Zoning Hearing Board.

Paragraph fourteen should be amended to provide that the prefabricated building shall be used for indoor conduct of the recycling operation and shall incorporate a design that will allow the capture of waste water so as to prevent ground and stream pollution.

*DelGuerico, et al. v. Springfield Township, et al.*
May 21, 2004
Page 2 of 2

    Please let me have your early comment on the proposed changes. Meanwhile, I have asked the Board of Supervisors to contact me with their comments on the draft.

Very truly yours,

James M. McNamara

JMM/snm

cc:    David M. Maselli, Esq.
        John M. Heley, Esq.
        Herbert K. Sudfeld, Jr., Esq.
        Neil A. Morris, Esq.

# EXHIBIT D

# Neil A. Morris Associates, P.C.

A PROFESSIONAL LAW CORPORATION

MELLON BANK CENTER

1735 MARKET STREET, 43RD FLOOR

PHILADELPHIA, PENNSYLVANIA 19103

NEIL A. MORRIS
RICHARD R. MORRIS *
ROBERT C. BECK, JR. *
MARK D. CHIACCHIERE *

(215) 751-0600
FAX (215) 751-1425
WWW.NAMAPC.COM

* ALSO MEMBER OF NEW JERSEY BAR

July 2, 2004

David M. Maselli, Esquire
Wright & O'Donnell
15 East Ridge Pike, Suite 570
Conshohocken, PA 19428

James M. McNamara, Esquire
McNamara, Bolla & Williams
122 East Court Street
Doylestown, PA 18901

Re:  *Tony DelGuerico, et al. v. Springfield Township, et al.,*
*No. 02-CV-3453 (E.D.Pa.)*

Gentlemen:

Enclosed herewith please find a copy of the draft Consent Decree. I have incorporated the various suggestions that each of you have made into this document. I have also deleted the paragraph to which Mr. Heley objected. Please review this document as soon as possible and forward any comments to me immediately, so that we may resolve this case.

Please call me if you have any questions. Thank you for your cooperation.

Very truly yours,

MARK D. CHIACCHIERE

MDC/mjd
Enclosure

cc:  David M. Macfarlan, Esquire (w/o encl.)
Tony DelGuerico (w/o encl.)