**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TONY DELGUERICO, et al. | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : No. 02-CV-3453 |
| | : |
| SPRINGFIELD TOWNSHIP, et al. | : |
| | : |
| Defendants, | : |

## ORDER

AND NOW this _____ day of _____, 2004, upon consideration of Defendants' Motion for Leave, or in the alternative, Motion for Setting Aside Default, it is hereby ORDERED and DECREED that said Motion is GRANTED.

Defendants may file an Answer with Affirmative Defenses to the Complaint within ten (10) days of the date of this Order.

BY THE COURT:

_____
                                                        J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 02-CV-3453 |
| | : | |
| SPRINGFIELD TOWNSHIP, et al. | : | |
| | : | |
| Defendants, | : | |

**DEFENDANTS' MOTION FOR LEAVE PURSUANT TO RULE 6(b)(2)
OR IN THE ALTERNATIVE,
MOTION FOR SETTING ASIDE DEFAULT PURSUANT TO RULE 55(c)**

Defendants, Springfield Township, Jeffrey Mease, Peter Lamana, Rodney Wieder, James Hopkins, Robert Zisko and Charles Halderman, (hereinafter, "the Springfield Township Defendants" or "Defendants") by and through counsel, Wright & O'Donnell, P.C., hereby move for Leave to file an Answer after the expiration of the specified period to act pursuant to Rule 6(b)(2) or in the alternative, move the Court to set aside the default under Rule 55(c), and aver as follows:

1. Plaintiffs began this action by filing a Complaint on May 30, 2002.

2. On August 22, 2002, the Springfield Township Defendants filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6).

3. The Court entered a Memorandum Opinion on November 26, 2002, granting in part and denying in part the Motion to Dismiss, and therein Ordered the case into suspense status until after the Zoning Hearing Board issued a final decision on Plaintiffs' appeal of the Cease and Desist Order.

4. The case remained in suspense status until April 2, 2004, when the matter was placed back on the active docket.

5. Throughout this litigation, and even prior thereto, the parties have been in continued settlement discussions.

6. On April 15, 2004, only thirteen days after the case was removed from the Suspense Status list, the Court conducted a Settlement Conference.

7. During the Settlement Conference of April 15, 2004, the Plaintiffs and the Springfield Township Defendants agreed in principal to a settlement of the case, wherein Springfield Township would pay to the Plaintiffs the sum of $35,000.00 for damages, attorney fees and costs, but the terms of the equitable relief requested by the Plaintiff were left unsettled, and were to be worked out by and between the Springfield Township Solicitor and the attorney representing the Delguericos in the state court zoning case.

8. Plaintiffs have filed a Motion to Enforce Settlement Agreement which is currently pending with the Court.

6. While settlement discussions between Springfield Township and the Plaintiffs have continued and draft Consent Decrees have been exchanged, due to excusable neglect, counsel for Defendants inadvertently failed to file an Answer to the Complaint.

7. Rule 6(b)(2) provides that the court "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . ."

8. In the event that the Court has already entered default, Defendants rely upon Rule 55(c) which provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

9. Plaintiffs will not be prejudiced if Defendants are permitted to file an Answer after the expiration of the time to do so under the Rules. Plaintiffs would merely be required to prove their case as required under the law.

10. Defendants' counsel's actions amount to excusable neglect. Defendants aver that good cause has been shown to allow Defendants to Answer after time.

11. Defendants seek to file the Answer with Affirmative Defenses attached hereto as Exhibit "A."

WHEREFORE, for the reasons cited above, Defendants' Motion for Leave, or in the alternative, Motion to Set Aside Default should be granted and Defendants respectfully request that the Honorable Court enter the attached Order.

    Respectfully submitted,

    WRIGHT & O'DONNELL, P.C.

    BY: /s/ David M. Maselli
        David M. Maselli
        P.A. ID No. 70824
        David R. Friedman
        P.A. ID No. 76494

        15 East Ridge Pike Ste 570
        Conshohocken, PA 19428
        610.940.4092
        Attorney for Defendant
        Springfield Township

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was filed with the Court via the Electronic Case Filing system and was served on the below listed of counsel of record through the same means or by U.S. Mail, postage pre-paid, this 26th day of August, 2004.

Neil A. Morris, Esquire
Neil A. Morris Associates, P.C.
Mellon Bank Center
1735 Market Street, 43rd Floor
Philadelphia, PA 19103

                                       /s/ David M. Maselli
                                           David M. Maselli