**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TONY DELGUERICO, et al.          :
                                 :
       Plaintiffs               :
                                 :
v.                               :   No. 02-CV-3453
                                 :
SPRINGFIELD TOWNSHIP, et al.     :
                                 :
       Defendants               :

## DEFENDANTS' ANSWER TO COMPLAINT
## WITH AFFIRMATIVE DEFENSES

Defendants, Springfield Township, Jeffrey Mease, Peter Lamana, Rodney Weider James Hipkins, Robert Zisko, and Charles Halderman, Jr., by and through counsel, Wright & O'Donnell, P.C., hereby respond to Plaintiffs' Complaint, and aver as follows:

Response to Preamble: Although no response to the Plaintiffs' Preamble is required, the allegations contained therein are denied.

1. It is admitted only that Tony DelGuerico is an adult individual and is the spouse or Leigh DelGuerico. The remaining allegations are denied.

2. It is admitted only that Leigh DelGuerico is an adult individual and is the spouse of Tony DelGuerico. The remaining allegations are denied.

3. Denied.

4. Admitted.

5. Admitted.

6. It is admitted only that the individual defendants named within Paragraph 6 of Plaintiffs's Complaint are adult individuals who served as members of the Springfield Township

Board of Supervisors. The remaining allegations are denied as conclusions of law.

7.  It is admitted only that John and Patricia Hammill are individuals, husband and wife and are intervenors in the Plaintiffs' appeal to the Zoning Hearing Board. The remaining allegations are denied. By way of further response, the Hammill defendants have been dismissed from this case by agreement of the parties.

8.  Plaintiffs' Complaint is a legal document that speaks for itself. It is admitted that Plaintiffs seek relief as set forth in Paragraph 8 of the Complaint. It is specifically denied that the Answering Defendants denied Plaintiffs any rights under the United States Constitution, and therefore, it is denied that Plaintiffs are entitled to the relief requested.

9.  Denied as a conclusion of law.

10. Denied as a conclusion of law. By way of further response, the Plaintiffs' Complaint is a legal document that speaks for itself.

11. Denied as stated. It is admitted that at the time that the Cease and Desist letter was sent to the Plaintiffs, the Plaintiffs owned the property and resided thereon. It is further admitted that on or around 1970, Anthony and Patricia DelGuerico purchased the property from Harry and Florence Greer. The remaining allegations are denied.

12. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 12 of Plaintiffs' Complaint.

13. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 13 of Plaintiffs' Complaint.

14. Denied as stated, upon information and belief, the Geers and the DelGuericos purchased

the property together. The remaining averments are denied.

15. Denied. By way of further response, Springfield Township adopted its Zoning Ordinance in 1971.

16. The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 15 of Plaintiffs' Complaint.

17. Admitted in part and denied in part. The Answering Defendants admit only that at no time prior to 1990, did Springfield Township issue any Cease and Desist Order. The remaining allegations are denied as the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

18. Denied.

19. It is admitted only that a Cease and Desist order was issued on April 5, 1990 to Plaintiff. Said document speaks for itself.

20. It is admitted only that a Complaint was filed. Said document speaks for itself.

21. It is admitted only that the Complaint was the only pleading in the 1990 case. The remaining allegations in the averment are denied.

22. Denied as stated. It is admitted only that the Township and the Plaintiffs' business had a recycling agreement. The remaining allegations are denied.

23. Admitted. The agreement speaks for itself.

24. Denied.

25. Denied.

26. It is admitted only that the Defendant Township received numerous complaints about Plaintiffs' business. The remaining allegations in this averment are denied.

27. Denied.

28. It is admitted only that Defendant Township retained the solicitor to review the Zoning Ordinance as it applied to the DelGuerico property. The remaining allegations in this averment are denied.

29. It is admitted only that an opinion letter was provided. Said document speaks for itself. It is denied that the opinion letter was issued on April 8, 1997.

30. It is admitted only that the opinion letter was reviewed by Defendants, and was released to the public. The remaining allegations in this averment are denied.

31. Denied.

32. It is admitted only that a June 13, 2000, letter was sent. Said document speaks for itself.

33. It is admitted only that the DelGuericos sold their business in 2001. The remaining averments are denied.

34. Denied.

35. It is admitted only that a June 6, 2001 Cease and Desist Order was sent. Said document speaks for itself. The remaining averments are denied.

36. Denied.

37. It is admitted only that the "Nuisance Ordinance" contains a definition of "refuse." The remaining averments are denied.

38. It is admitted only that in 1980, the Hammills bought a house on Grouse Lane. The remaining averments are denied.

39. It is admitted only that a meeting between the Plaintiffs, the Hammills, the Hammills' attorney and the Township Solicitor took place. The remaining averments are denied.

40. It is admitted that Plaintiffs filed an appeal to the Cease and Desist Order. The remaining

allegations in this averment are denied.

41. It is admitted only that the Defendants filed a Complaint with the Department of Environmental Protection. The remaining allegations in this averment are denied.

42. It is admitted only that Board of Supervisors appoints members to the Zoning Hearing Board. The remaining averments are denied.

43. Denied. The Hammill Defendants have been dismissed from this case via Stipulation.

44. The letter speaks for itself. The Hammill Defendants have been dismissed from this case via Stipulation.

45. Denied.

46. Denied. Plaintiffs have never ceased operations of their business.

47. Denied.

48. Denied.

### As to Plaintiffs' Count I

49. Defendants hereby incorporate their answers to paragraphs 1 through 48 as though fully set forth herein.

50. The Fourteenth Amendment of the Constitution speaks for itself.

51. Denied.

52. Denied.

53. (a.-d.)   Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. The Hammill Defendants have been dismissed from this case via Stipulation.

59. Denied. By way of further answer, the Hammill Defendants have been dismissed from this case via Stipulation.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs with all costs, fees and expenses.

### As to Plaintiffs' Count II

63.[sic]  Defendants hereby incorporate their answers to paragraphs 1 through 62 [sic] as though fully set forth herein.

64. The Pennsylvania Constitution speaks for itself. The Answering Defendants deny that their conduct denied the Plaintiffs any rights guaranteed by the Pennsylvania Constitution.

65. Denied. By way of further answer the Hammill Defendants have been dismissed from this case via Stipulation.

66. Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs with all costs, fees and expenses.

### As to Plaintiffs' Count III

67. Defendants hereby incorporate their answers to paragraphs 1 through 66 as though fully set forth herein.

68. Denied. By way of further answer the Hammill Defendants have been dismissed from this case via Stipulation.

69. Denied. By way of further answer the Hammill Defendants have been dismissed from this case via Stipulation.

70. Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs with all costs, fees and expenses.

### As to Plaintiffs' Count IV

71. Defendants hereby incorporate their answers to paragraphs 1 through 70 as though fully set forth herein.

72. Denied. By way of further answer the Hammill Defendants have been dismissed from this case via Stipulation.

73. Denied. By way of further answer the Hammill Defendants have been dismissed from this case via Stipulation.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs with all costs, fees and expenses.

### As to Plaintiffs' Count V

74. Defendants hereby incorporate their answers to paragraphs 1 through 73 as though fully set forth herein.

75. Denied. Strict proof is demanded.

76. Denied.

77. Denied.

78. Denied.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs with all costs, fees and expenses.

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

Defendants hereby incorporate their answers to paragraphs 1 through 78 as though fully set forth herein.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants are immune from an award of monetary damages by virtue of an Absolute 11th Amendment, qualified, sovereign, governmental, artificial and/or other immunity. Answering Defendants are immune from any award of monetary damages on the basis that the Answering Defendants at all times herein were acting within the scope of their duties. Some or all of the claims in the Plaintiff's Complaint are controlled and governed by Act of October 5, 1980, P.L. 693 No. 142, 42 Pa. C.S.A. Sect. 8521, et seq. (Act 142", the provisions of which are incorporated herein by reference).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations fail to state a cause of action against Answering Defendants under any of the exceptions of governmental immunity, as set forth in Act 142.

### FIFTH AFFIRMATIVE DEFENSE

Should liability be found on the part of Answering Defendants, such liability being specifically denied, the damages recoverable against the Answering Defendants are limited in amount and type as set forth in the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. Sect.

8541, et seq.

## SIXTH AFFIRMATIVE DEFENSE

The Answering Defendants assert each and every defense, bar and statute of limitation contained in the Political Subdivision Claims Act, 42 Pa.C.S.A. Sect. 8541, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the Answering Defendants are barred in Plaintiffs' failure to exhaust their administrative remedies and/or because Plaintiffs' claims are not ripe for adjudication.

## EIGHTH AFFIRMATIVE DEFENSE

The conduct of the Answering Defendants was authorized or required by law. Answering Defendants, in good faith, reasonably believed that any alleged conduct herein was authorized or required by law.

## NINTH AFFIRMATIVE DEFENSE

Answering Defendants maintain that they cannot be sued for discretionary functions, and therefore any such causes of action are barred.

## TENTH AFFIRMATIVE DEFENSE

If the Plaintiffs sustained any injury or damages, it was the result of their own conduct and/or that of a person or persons other than Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred either in whole or in part by *res judicata* or collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have not set forth any monetary damages to which they are allegedly entitled.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not incurred any monetary damages, as alleged.

### FOURTEENTH AFFIRMATIVE DEFENSE

The court lacks jurisdiction to hear and decide some or all of the claims in this action, including, but not limited to, any claims arising under state law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any damages alleged herein arise from and/or are reasonably related to the office or the performance of the duties of the Answering Defendants and Answering Defendants' actions do not constitute a crime, actual fraud, actual malice or willful misconduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs seek punitive damages, any such award is barred on the grounds that it would be against public policy.

### SEVENTEEN AFFIRMATIVE DEFENSE

The Township's zoning ordinance does not impose or implement a land use regulation in a manner that imposes a substantial burden on the Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendants' actions do not deprive the Plaintiffs of any constitutional right.

### NINETEENTH AFFIRMATIVE DEFENSE

The Defendants' actions do not violate Plaintiffs' rights as secured under the United States or Pennsylvania Constitutions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim under the Fourteenth Amendment of the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Because Plaintiffs' Complaint fails to state a claim under the Fourteenth Amendment to the United States Constitution, this Court lacks jurisdiction over Plaintiffs pendant, state law claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim that the Plaintiffs have been deprived of their substantive due process and/or procedural due process rights.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to the equitable defenses of unclean hands, illegality and public policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Defendants' conduct in issuing the Cease and Desist Order was related to a legitimate governmental interest.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege any conduct on the part of the Answering Defendants that shocks the conscience, and therefore, Plaintiffs have failed to state a claim under the Fourteenth Amendment to the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for intentional infliction of emotional distress against the Answering Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs Complaint fails to state a claim for intentional interference with contractual relations against the Answering Defendants.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs with all costs, fees and expenses.

        Respectfully submitted,

        WRIGHT & O'DONNELL, P.C.

        BY: /s/ David M. Maselli
            David M. Maselli
            P.A. ID No. 70824
            David R. Friedman
            P.A. ID No. 76494

            15 East Ridge Pike Ste 570
            Conshohocken, PA 19428
            610.940.4092
            Attorney for Defendant
            Springfield Township

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed with the Court via the Electronic Case Filing system and was served on the below listed of counsel of record through the same means or by U.S. Mail, postage pre-paid, this __th day of August, 2004.

Neil A. Morris, Esquire
Neil A. Morris Associates, P.C.
Mellon Bank Center
1735 Market Street, 43rd Floor
Philadelphia, PA 19103

/s/ David M. Maselli
David M. Maselli