**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TONY DELGUERICO, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No. 02-CV-3453 |
| | : | |
| SPRINGFIELD TOWNSHIP, et al. | : | |
| | : | |
| Defendants, | : | |

## ORDER

AND NOW this _____ day of _____, 2004, upon consideration of

Plaintiffs' request for Entry of Default Judgment, it is hereby ORDERED and DECREED that

said Motion is DENIED.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TONY DELGUERICO, et al.                          :
                                                 :
         Plaintiffs                              :
                                                 :
     v.                                          :   No. 02-CV-3453
                                                 :
SPRINGFIELD TOWNSHIP, et al.                     :
                                                 :
         Defendants,                             :


## DEFENDANTS' REPLY TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT

Defendants, Springfield Township, Jeffrey Mease, Peter Lamana, Rodney Wieder, James

Hopkins, Robert Zisko, and Charles Halderman, Jr., (hereinafter, "the Springfield Township

Defendants" or "Defendants") by and through counsel, Wright & O'Donnell, P.C., hereby

respond to Plaintiffs' Request for Entry of Default against Defendants and aver as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.  By way of further response, the Court Ordered that any dispositive motions

must be filed on or before July 7, 2004.  By way of further response, on April 15, 2004, the

Court conducted a settlement conference at which time the Plaintiffs and Springfield Township

Defendants agreed in principal, without finalizing the terms, to settle this case.

5.     Admitted.  By way of further response, the parties have been in continued settlement

discussions, and Plaintiffs have filed a Motion to Enforce Settlement Agreement.  Defendants

contend that the instant Motion is a negotiation tool of Plaintiff in an effort to procure a better

settlement agreement.

Defendants have filed, at the same time as the instant Reply, a Motion for Leave to file an Answer pursuant to Rule 6.

6.    It is admitted that Rule 55(a) reads in part as quoted.  It is denied, however, that the Springfield Township Defendants have "failed to plead **or** otherwise defend."  By way of further Answer, Rule 55(c) provides that "for good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Furthermore, Rule 6(b)(2) provides that the court "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. . ."

7.    Denied.

WHEREFORE, for the reasons cited above, and for the reasons cited in the pending Motion for Leave, Defendants' respectfully request that the Honorable Court deny Plaintiffs' request.

Respectfully submitted,

WRIGHT & O'DONNELL, P.C.


BY: /s/ David M. Maselli
     David M. Maselli
     P.A. ID No. 70824
     David R. Friedman
     P.A. ID No. 76494

     15 East Ridge Pike Ste 570
     Conshohocken, PA 19428
     610.940.4092
     Attorney for Defendant
     Springfield Township, et al.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading was filed with the Court via the Electronic Case

Filing system and was served on the below listed of counsel of record through the same means or

by U.S. Mail, postage pre-paid, this 26th day of August, 2004.


Neil A. Morris, Esquire
Neil A. Morris Associates, P.C.
Mellon Bank Center
1735 Market Street, 43rd Floor
Philadelphia, PA 19103



/s/ David M.  Maselli
David M. Maselli