IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DELGUERICO AND LEIGH DELGUERICO | : CIVIL ACTION<br>:<br>: No.: 02-CV-3453 |
| and | |
| DELGUERICO'S WRECKING & SALVAGE, INC., | |
| Plaintiffs,<br>vs. | |
| SPRINGFIELD TOWNSHIP, BUCKS COUNTY, | |
| and | |
| JEFFREY MEASE, individually and in his capacity as Code Enforcement Officer for Springfield Township, | |
| and | |
| PETER LAMANA, RODNEY WIEDER JAMES HOPKINS, ROBERT ZISKO and CHARLES HALDERMAN, JR., individually and in their official capacities as members of the Board of Supervisors of Springfield Township | |
| and | : MOTION TO INTERVENE |
| JOHN HAMMILL and PATRICIA HAMMILL, | |
| Defendants. | : JURY TRIAL DEMANDED |

**MOTION TO INTERVENE**

1

The Movants, John and Patricia Hammill, by and through their counsel, John M. Heley, Esquire, move this Honorable Court for permission to intervene in the captioned matter between DelGuerico's Wrecking and Salvage, Inc. et al. vs. Springfield Township, et al., C.A. Number 02-CV-3453 (E.D. Pa.) and in support thereof aver as follows:

1. The Movants, John and Patricia Hammill were Defendants in the above-captioned lawsuit.

2. The gravamen of the Plaintiffs' lawsuit with respect to the Hammills is that the Springfield Township Defendants together with the Hammills acting under the color of State law conspired to deprive the Plaintiffs of a constitutionally protected vested property interest in the use of their property at 2895 Grouse Lane in Springfield Township, Bucks County, Pennsylvania.

3. The Hammills, not being state actors, could only be held in the lawsuit if evidence were produced that would support the allegation that they acted in conspiracy with the Township regarding these matters.

4. All Defendants submitted 12(b) Motions and this Honorable Court granted some portions and denied others of those requests for judgment on the pleadings.

5. The Plaintiff, even as of the date of the filing of this Motion, failed to provide the voluntary discovery which is required by Federal Rule of Civil Procedure 26, and has, in fact, provided no evidence whatsoever either through documents, or testimony, to support the allegation in their pleadings that the Hammills conspired with the Township to deprive the Plaintiffs of their civil rights.

6. Nevertheless, and notwithstanding the total absence of discovery in this file, this Honorable Court has made a considerable effort to settle this dispute, having had a series of meetings with the parties, and in particular the DelGuericos and Township Defendants over the course of several months.

7. In those settlement discussions, the Hammills made clear to the Plaintiffs and to the Court that they had incurred out-of-pocket legal expenses of $15,000.00, and that they would not consider settling the Federal dispute unless and until they were made whole – this demand based upon their belief that they had done nothing wrong and that the instant litigation is nothing more than a "slap suit," intended by the DelGuericos to prevent the Hammills from exercising their legitimate rights as citizens and residents of Springfield Township.

8. The Hammills have made clear throughout these proceedings to both the DelGuericos and the Court that unless and until a settlement was reached with them, it was their intention, upon being dismissed from this suit, to bring a Dragonetti action

in State Court seeking damages from the DelGuericos for wrongful use of civil proceedings by the DelGuericos against the Hammills.

9.      The Plaintiffs prepared a proposed Consent Decree and attached it as an Exhibit to a Motion to Enforce Settlement between Springfield Township Defendants and Plaintiffs.  That proposed Consent Decree contained the following language:

> The parties agree, and this Court expressly recognizes, that each side, in taking their respective actions, in the municipal, state and federal courts, has acted in good faith and with a reasonable basis to assert the position and claims that they have taken, including, but not limited to the actions by the Springfield Township Zoning Officer and all proceedings before the Springfield Township Zoning Hearing Board and this Federal Court action.

A copy of the relevant section of the Consent Decree are attached hereto and incorporated herein as though set forth fully at length as Exhibit "A."

10.     Shortly before the Motion to Enforce Settlement was presented to the Court, the Plaintiff, through it's counsel Mark D. Chiacchiere, forwarded a copy of a Stipulation to Dismiss the Hammills from the lawsuit. A copy of the Stipulation with its covering letter is attached hereto and incorporated herein as though set forth fully at length as Exhibit "B."

11.     Undersigned counsel contacted Plaintiffs' counsel and made clear that the Hammills would not join in any such Stipulation for Dismissal unless and until they

4

were assured that the proposed language in the Consent Decree referenced above would be removed.

12. This Honorable Court in a telephone conference with all counsel concerned indicated that it would not sign any consent decree that included language which would prejudice the rights of the Hammills with regard to subsequent litigation.

13. Nevertheless, the Plaintiffs continued to pursue the Consent Decree with the language as stated above, and thereafter filed a Notice of Dismissal of the Defendants John and Patricia Hammill pursuant to Federal Rule of Civil Procedure 41(a)(1). A copy of this Notice of Dismissal is attached hereto and incorporated herein as though set forth fully at length as Exhibit "C."

14. The Hammills believe and therefore aver that their dismissal from the lawsuit by the Plaintiffs was a subterfuge, intended to prevent the Hammills from having any input into discussions with respect to the proposed Consent Decree, which contained language therein that would prejudice and deny them of subsequent rights to litigation against the Plaintiffs. Undersigned counsel for the Defendants addressed letters to this Honorable Court in which these concerns were raised with the Court. Copies of those letters are attached hereto and incorporated herein as though set forth fully at length as Exhibit "D."

15. Movants believe, and therefore aver that the settlement discussions involving the Township and the DelGuericos with the assistance of the Court have

resulted in the circulation of a proposed Consent Decree which continues to contain the offending language which was previously identified as paragraph 27 but which is now identified as paragraph 28.

16. This language, first set forth above, if signed by this Honorable Court, would effectively deny the Hammills of their right to pursue the DelGuericos in a subsequent State Court action for abuse for wrongful use of civil process.

17. There having been absolutely no discovery whatsoever and the Plaintiffs having not been required to produce any evidence to support their claims, the entry of such an Order would deprive the Hammills of due process of law which, at a minimum, requires notice and opportunity to be heard.

18. The proposed Consent Decree, if signed by this Honorable Court, would take from the Hammills a substantial property right, that is to say their right to seek remedy in State Court from the Plaintiff DelGuericos for having filed the instant "slap suit" against the Hammills.

19. Ironically, the Plaintiff, DelGuericos, at paragraph 50 of the instant Complaint aver that "the Due Process Clause of the Fourteenth Amendment of the United States Constitution provides that no "State shall deprive any person of life, liberty, or property, without due process of law . . . " and that the State may not deprive a person of his or her property for arbitrary and capricious reasons." It is precisely the denial of the Hammills' property rights, without due process of law, that the DelGuericos now attempt to effectuate by the insertion of language into the

proposed Consent Decree which would have this Court adjudicate the merits of the Hammills' claim against the DelGuericos without either notice, opportunity to be heard or any evidence whatsoever having been produced by the Plaintiffs.

20. The Movants believe and therefore aver that unless the Movants are allowed to intervene in the settlement discussions, the DelGuericos will continue to attempt to prejudice their rights in this manner.

21. The Movants believe and therefore aver that they were dismissed from this lawsuit for these very reasons.

WHEREFORE, Movants, John and Patricia Hammill, respectfully request this Honorable Court to enter an Order allowing them to intervene in the lawsuit for the purpose of protecting their property rights as set forth in this Motion, or, in the alternative, to strike any language from a final Consent Decree which would prejudice the Hammills' right to subsequent litigation as set forth above.

RESPECTFULLY SUBMITTED,


BY:_____
JOHN M. HELEY, ESQUIRE
Attorney for Movants