IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DELGUERICO AND LEIGH DELGUERICO | : CIVIL ACTION |
| and | : No.: 02-CV-3453 |
| DELGUERICO'S WRECKING & SALVAGE, INC., | : |
| Plaintiffs, vs. | : |
| SPRINGFIELD TOWNSHIP, BUCKS COUNTY, | : |
| and | : |
| JEFFREY MEASE, individually and in his capacity as Code Enforcement Officer for Springfield Township, | : |
| and | : |
| PETER LAMANA, RODNEY WIEDER JAMES HOPKINS, ROBERT ZISKO and CHARLES HALDERMAN, JR., individually and in their official capacities as members of the Board of Supervisors of Springfield Township | : |
| and | : MEMORANDUM OF LAW |
| JOHN HAMMILL and PATRICIA HAMMILL, | : |
| Defendants. | : JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO INTERVENE**

1

I.   **PROCEDURAL HISTORY**

The matter was initiated with the filing of a Complaint on May 30, 2002 wherein the Plaintiffs allege that the Defendants Springfield Township and the Defendants John and Patricia Hammill conspired together to deprive the Plaintiffs of their civil rights. Motions were filed by both Defendants pursuant to Federal Rule of Civil Procedure 12(b). Those Motions were granted in part and denied in part. As a result of the filing of the 12(b) Motions, the Court placed the matter in suspension, determining that the matter was not ripe for decision as the underlying zoning dispute was ongoing.
Accordingly, no discovery took place whatsoever.

Thereafter, on April 2, 2004, the Court, after a decision by the Zoning Hearing Board of Springfield Township, removed the matter from suspension and immediately began a process of settlement discussions in an attempt to settle the overall disputes. In the course of those discussions, various Consent Decrees were proposed by the Plaintiffs, all of which included language that, if signed by the Court, would adjudicate the substantive rights of the Defendants with respect to any subsequent litigation of a Dragonetti nature by the Defendants, John and Patricia Hammill and against the Plaintiff for wrongful use of civil process – the Hammill position being made manifestly clear throughout these proceedings that the DelGuericos' suit with respect to the Hammills is nothing more than a slap suit

intended to silence them.

A Stipulation was circulated for dismissal of the Hammills. The Hammills through counsel made clear that they would not stipulate to dismissal unless some assurance was given that any final agreement between the Township and the DelGuericos would not include judicial language preventing the Hammills from subsequent litigation. Thereafter, the Plaintiffs dismissed the Hammills from this matter pursuant to Federal Rule of Civil Procedure 41(a)(1), although settlement discussions between the Plaintiffs and the Township Defendants continued.

The Hammills' believe that a proposed Consent Decree is being circulated among the parties that continues to contain language which, if signed off by the Court, would effectively adjudicate the Hammill Defendants rights with regard to any subsequent litigation. Accordingly, that language was the subject of letters to the Court, copies of which are attached to the Motion to Intervene. Notwithstanding these letters and the Court's comments in telephone settlement conferences that no such language would be included in any Consent Decree, it is the Hammills' belief that the language continues to be included in the proposed Consent Decree as paragraph number 28.

## II.  ISSUE

If the Court were to enter a Consent Decree containing language which finds the Plaintiffs acted in good faith the same or similar to that identified in the Motion to Intervene, would the Hammills be denied due process of law?

Suggested Answer : Yes.

**III.** **ARGUMENT**

The procedural posture of the matter before the Court is such that a proposed settlement in the form of a Consent Decree contains language which, if signed off by the Court, would constitute a judicial determination that the Plaintiffs acted in good faith in suing John and Patricia Hammill in the Federal litigation.  This determination would effectively bar the Hammills from bringing any subsequent litigation against the DelGuericos on a theory of abuse of civil process.  It is and has always been the position of the Hammills that they were not involved in a conspiracy with the Township to deprive the DelGuericos of their civil rights, and that the Federal lawsuit was in the nature of a "slap suit" for which the Hammills are entitled to damages.

The elements of a claim for wrongful use of civil proceedings are set forth at 42 Pa. C.S.A. Section 8351 (the Dragonetti Act).  These elements are as follows:

> (a) Elements of action – A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder or parties or adjudication of the claim in which the proceedings are based; and

      (2) The proceedings have terminated in favor of the person against whom they are brought.

The voluntary dismissal of the Hammills from the action constitutes termination in favor of the Hammills.  However, if a Consent Decree is entered with the offensive language as set forth above, this Court will have effectively adjudicated the substantive rights of the Hammills without any discovery having taken place, and without one single fact having been established by the Plaintiffs to support their claims against the Defendants.

The language in the presently proposed paragraph 28 would effectively declare, as a matter of law, that the DelGuericos had probable cause in their claims against the Hammills and the Hammills would, therefore, be denied their right to bring suit against the DelGuericos under 42 Pa. C.S.A. Section 8351.

If the Court enters any Consent Decree with the offensive language set forth above, that action will deny the Hammills their right to due process of law. Constitutional due process requires, at a minimum, notice of a hearing and an opportunity to be heard and is a pre-requisite to any valid adjudication.  <u>Merrell vs. Charters Valley School District</u>, 2004 WL 1846130 - A.2d  (Pa.2004).  As the Hammills have been dismissed from the present litigation by the Plaintiffs, the entry of a Consent Decree in its present form would constitute an adjudication of their rights with respect to the DelGuericos without an opportunity to be heard and

accordingly the adjudication would be invalid. The dispute between the Township and the DelGuericos can be resolved by Consent Decree without the necessity of language in that Decree that purports to determine the efficacy of the Plaintiffs' motives in bringing the Federal action. To do otherwise in the manner suggested by the Plaintiffs' proposed Consent Decree is simply wrong.

## IV.    CONCLUSION

For all of the reasons and arguments set forth above, the Defendants John and Patricia Hammill respectfully request this Honorable Court to enter an Order allowing them to Intervene in this matter for the purpose of protecting their property rights or, in the alternative, for any language in a final Consent Decree that would determine that the DelGuericos acted in good faith or had probable cause in bringing the Federal action against the Hammills be stricken and that the Hammills be given notice of that striking.

RESPECTFULLY SUBMITTED,


BY:_____
JOHN M. HELEY, ESQUIRE
Attorney for Defendants John and
Patricia Hammill