IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO and LEIGH DELGUERICO | : | CIVIL ACTION |
| | : | No. 02-CV-3453 |
| and | : | |
| DELGUERICO'S WRECKING & SALVAGE | : | |
| Plaintiffs, | : | |
| v. | | |
| | : | |
| SPRINGFIELD TOWNSHIP, et al. | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFFS' RESPONSE TO JOHN AND PATRICIA HAMMILL'S MOTION TO INTERVENE**

*AND NOW*, Plaintiffs, Tony and Leigh DelGuerico, by their attorneys, Neil A. Morris Associates, P.C., hereby respond to John and Patricia Hammill's Motion to Intervene as follows:

1. Admitted.

2. Denied as stated. Plaintiffs' lawsuit is in writing and speaks for itself. Furthermore, this Motion to Intervene, filed on September 20, 2004, is untimely as it was not filed before the case was settled and dismissed.

3. Denied as stated. The Hammills were dismissed from this action on August 11, 2004.

4. Admitted.

5. Denied. Discovery was taken in this case. Prior to the Court's suspension of this case in November of 2002, discovery had taken place and depositions were scheduled. Once the case was placed in suspense, depositions were canceled. Following the reopening of that suspense status on April 2, 2004, the remainder of the case consisted of settlement negotiations, a settlement, dismissal of the Hammills and the dismissal of the entire case before the Hammills filed their instant motion.

6. Denied as stated. It is admitted that the Court has made extensive efforts to settle the dispute which were successful since the matter has been settled and closed by the Court as of August 31, 2004. It is specifically denied that no discovery has taken place in this action.

7. Denied. It is denied that this litigation is a "slap suit" intended by the DelGuerico's to prevent the Hammills from exercising their legitimate rights as citizens and residents of Springfield Township. The case had merit against all defendants including the Hammills as it survived Defendants' motion to dismiss. Because Plaintiffs received the primary relief sought in this case from the other Defendants, in view of the Hammills obstinance, Plaintiffs decided to dismiss their case against the Hammills. The remaining allegations of this paragraph are denied as Plaintiffs are unable to know the beliefs of the Hammills and/or their counsel.

8. Admitted.

9. Admitted.

10. Denied as stated. It is admitted that a stipulation to dismiss the Hammills was forwarded to their counsel on May 20, 2004. Following the failure of their counsel to sign the stipulation, a second stipulation was forwarded on July 28, 2004. Neither of these stipulations was signed by the Hammills counsel, John Heley, Esquire. Therefore, since the Hammill defendants had not answered the Complaint, Plaintiffs moved to dismiss them pursuant to Rule 41(a)(1), Fed. R. Civ. Proc.

11. Denied. It is unknown when and what form of contact Plaintiffs' counsel is referring to. It is admitted that counsel for the Hammills objected to proposed paragraph 28 on May 20, 2004 in a letter and that paragraph was promptly removed from the Consent Decree. The Hammills did not object to any other provision of the consent decree to be entered into by the other parties. A copy of attorney Heley's letter is attached hereto as Exhibit "A".

12. Denied as stated. It is admitted that in a telephone conference with the Court, Judge John R. Padova indicated that he would review any Consent Decree and would not sign any language that he did not agree was appropriate and proper. But, when Plaintiffs complied with attorney Heley's letter request and removed Paragraph 28 of the proposed consent decree, the only paragraphs objected to, all of Plaintiffs' objections had been addressed.

13. Denied as stated. It is admitted that the language quoted in paragraph 9 of the Hammill's motion to intervene was included in the Consent Decree negotiated with the

remaining defendants. It is specifically denied that the Hammill defendants and/or their counsel objected to this language when it had been presented to them in May 2004. In fact, moving parties had over three months within which to object to this language while they were parties to this action and did not do so. It was only after they had been dismissed from this action by notice of dismissal that they objected to the inclusion of this language. Moreover, the language does not specifically mention the Hammills. Any agreement is between the Springfield Township defendants and Plaintiffs as to the settlement of this litigation, a suit to which the Hammills are no longer a party. As a non-party, the Hammills do not have standing to object to anything in this case. It is admitted that the notice of dismissal is attached to the Hammill's motion as Exhibit "C".

14. Denied as stated. Plaintiffs are unaware and cannot respond to what Hammills "believe". It is denied that the dismissal of the Hammills was a subterfuge to deny the rights of anyone. Counsel for the Hammills objected to certain language in a proposed consent decree; the parties then removed that language. The Hammills did not raise any further objections until long after they were dismissed from this case by Notice of Dismissal. If the Hammills had wished to object to their dismissal or any further language in the Consent Decree, they should have done so while they were still parties to the case or otherwise moved the court for relief before the actual remaining paraties negotiated a resolution and settlement of the entire matter. All that the Hammills needed to do was answer the Complaint and a Notice of Dismissal could not be entered. Their failure to do so, however,

indicates that they had no objection to their being dismissed from this action. It is hard to believe that the Hammills would have merely overlooked filing an answer to the Complaint as their counsel has been intimately involved with this matter from the inception of the case.

15. Denied as stated. It is denied that the Hammills have identified any offending language, other than that which was removed from the consent decree until after they were dismissed from, and not parties to, this litigation. Plaintiffs are unaware as to what movants may "believe".

16. Denied.

17. Denied. It is denied that there has been no discovery in this matter. Discovery had taken place and depositions were scheduled prior to the Court entering an order placing this case in suspension in 2002.

18. Denied.

19. Denied as stated. It is admitted that Plaintiffs' Complaint is in writing and speaks for itself. It is denied that no discovery has taken place. Furthermore, the remaining allegations of this paragraph constitute conclusions of law to which no response is required.

20. Denied. Plaintiffs are unable to respond to this allegation as they have no knowledge as to what movants may "believe".

21. Denied. Plaintiffs are unable to respond to this allegation as they have no knowledge as to what movants may "believe".

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny John and Patricia Hammill's Motion to Intervene.

*Respectfully submitted,*

_____
*NEIL A. MORRIS*
*MARK D. CHIACCHIERE*
*Attorneys for Plaintiffs*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*The Mellon Bank Center, 43rd Floor*
*1735 Market Street*
*Philadelphia, Pennsylvania  19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
*nmorris@namapc.com*
*mchiacchiere@namapc.com*

*DATE:   October 1, 2004*

## CERTIFICATION OF SERVICE

*MARK D. CHIACCHIERE*, Esquire, hereby certifies that true and correct copies of the *Plaintiffs' Response to John and Patricia Hammill's Motion to Intervene and Brief in Support Thereof* were served upon the following, *via* First Class Mail, Postage Prepaid, on October 1, 2004:

| | |
|---|---|
| David M. Maselli, Esquire<br>Wright & O'Donnell<br>15 East Ridge Pike, Suite 570<br>Conshohocken, PA 19428 | John M. Heley, Esquire<br>245 West Broad Street<br>P.O. Box 558<br>Quakertown, PA 18951 |
| Attorney for Defendants Springfield Township, Jeffrey Mease, Peter Lamana, Rodney Wieder, James Hopkins, Robert Zisko and Charles Halderman, Jr. | Attorney for John Hammill and Patricia Hammill |

_____
*MARK D. CHIACCHIERE*
*Attorney for Plaintiffs,*
*Tony DelGuerico, Leigh DelGuerico and*
*DelGuerico's Wrecking & Salvage, Inc.*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
mchiacchiere@namapc.com

*Date: October 1, 2004*