IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONY DELGUERICO** and **LEIGH DELGUERICO** | : | CIVIL ACTION |
| | : | No. 02-CV-3453 |
| and | : | |
| **DELGUERICO'S WRECKING & SALVAGE** | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| **SPRINGFIELD TOWNSHIP, et al.** | : | |
| *Defendants.* | : | |
| | : | |

## ORDER

On this _____ day of _____, 2004, upon consideration of the Motion to Intervene and Plaintiffs' Response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **DENIED WITH PREJUDICE**.

_____
**JOHN R. PADOVA,      J.**

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *TONY DELGUERICO* and *LEIGH DELGUERICO* | : | CIVIL ACTION |
| | : | No. 02-CV-3453 |
| and | : | |
| *DELGUERICO'S WRECKING & SALVAGE* | : | |
| *Plaintiffs,* | : | |
| v. | : | |
| *SPRINGFIELD TOWNSHIP, et al.* | : | |
| *Defendants.* | : | |
| | : | |

BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE TO
JOHN AND PATRICIA HAMMILL'S MOTION TO INTERVENE

## I.  INTRODUCTION

John and Patricia Hammill (hereinafter "Hammills") were previously parties to this litigation and were dismissed by Notice of Dismissal on August 11, 2004 after failing to file an answer. A settlement agreement has been reached between the remaining parties in the case and the case has been closed and dismissed by Order of the Honorable John R. Padova on August 31, 2004. The Hammills' Motion to Intervene is untimely, inappropriate and should be denied.

II.   *JOHN AND PATRICIA HAMMILL'S MOTION TO INTERVENE SHOULD BE DISMISSED AS THEY HAVE NOT TIMELY MOVED TO INTERVENE, FAILED TO ANSWER THE COMPLAINT AND VIOLATED LOCAL RULE 7.1 (E.D. Pa.) IN FILING THIS MOTION*

The Hammills have filed a motion to intervene, however, their motion should more correctly be labeled a motion to participate in settlement talks. The Hammills have cited no case law or rule of civil procedure which entitle them to intervene in this action. Their entire brief apparently attempts to lay out their claims for a Dragonetti action against Plaintiffs, but in no way supports their motion to intervene as is required by the Federal Rules of Civil Procedure.

In order to file a proper motion with the court, according to Local Rule of Civil Procedure 7.1, a motion must be accompanied by, *inter alia*, (1) an Order, (2) a Certificate of Service and (3) a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion. The Hammills have failed to include any of these three minimal requirements with their motion and memorandum of law. They have not attached an Order to the motion, nor have they cited any rule or law which would entitle them to the relief sought in their memorandum of law. Furthermore, they have not attached a certificate of service to the Court certifying that it has been served upon the parties to this action. Failure to meet these requirements alone is enough to cause dismissal of their motion to intervene.

Moreoever, Rule 24 of the Federal Rules of Civil Procedure regarding intervention in an action states in pertinent part, "the motion shall state the grounds therefore and shall

be accompanied by a pleading setting forth the claim or defense for which intervention is sought." The Hammills have failed to include any pleading setting forth their claim or defense. They have not indicated whether they seek to intervene as a plaintiff or a defendant in this matter and in fact, appear to claim only to want to influence the language of a settlement agreement between the remaining parties to the litigation. This is simply not a valid cause for intervention in an action.

Defendants have not indicated whether they seek intervention as of right under Rule 24(a) or as permissive intervention under Rule 24(b). They cite no case law in support of their claim for intervention and in fact, cite no authority whatsoever that would permit them to intervene in this action.

Had the Hammills wanted to intervene and influence the language of the settlement agreement, they could have simply answered the Complaint which they had in front of them for over two years. By answering the Complaint, any dismissal of them would be required to be completed by stipulation or motion of the Plaintiffs to which they would have had an opportunity to object. However, their own failure to answer the complaint allowed a notice of dismissal to be filed. Defendants have been aware that settlement has been possible in this action since November of 2002 and, at a minimum, since April of 2004. Any objection to the settlement and/or need for intervention was known to the Hammills many months ago. They were well aware that the failure to file an answer to the complaint would subject their claim to being unilaterally dismissed by Plaintiffs under Rule 41(a)(2). Nevertheless, they still chose to not file an answer or otherwise respond to Plaintiffs' Complaint. That failure

3

clearly shows that they have no objection to being dismissed from this action.

The Hammills now seek to raise that objection after they had already had their opportunity to do so and failed to assert it. Moreover, the Hammills now object to language which they had never previously objected to in the settlement agreement. They only objected to the current language in the settlement agreement *after* they had been dismissed from this action on August 11, 2004.

The Hammills have not cited what rule under which they are seeking to intervene in this case. Assuming, *arguendo*, that they are proceeding under Rule 24(a)(2), (intervention of right), they must meet a four part test: (1) the application for intervention must be timely, (2) the applicant must have a sufficient interest in the litigation, (3) the interest may be affected or impaired as a practical matter by the disposition of the action, and (4) the interest is not adequately represented by an existing party in the litigation. See **Harris v. Pernsley**, 820 2.d 592 (3d Cir. 1987). Under this four part test, the Hammills claim must fail.

Initially, the application is not timely. If the Hammills wished to intervene, they could have done so immediately following their dismissal from this action as they were well aware that a settlement had been reached and in fact, had the draft settlement agreement in their possession at that time. Instead, they have waited until this action has been dismissed and closed by the court to file their motion to intervene. They clearly had the ability to file their motion to intervene prior to the closure of the case and should have done so.

Moreover, by the simple act of filing their answer to Plaintiffs' Complaint, which they failed to do, they would have been able to object to any dismissal of themselves from this

case. They chose not to do so and in effect, have waived their right to object to anything in this action as they are no longer a party.

Further, their interest in the litigation is remote and tangential. It appears that the Hammills only interest in this litigation involves one paragraph of a settlement agreement to which they are not even a party. They believe, rightly or wrongly, that inclusion of this language in a settlement agreement would somehow prejudice their rights to bring future lawsuits against Plaintiffs in state court.

Intervention is simply not proper. Not only are their rights minimal, but the rights they seek are protected. Judge John R. Padova has already indicated that he will review any consent decree prior to signing it and only sign that which he believes is appropriate. The Hammills appear to believe that Judge Padova will sign whatever is placed in front of him without review and without deliberation on his part. That flies in the face of his own statements as well as his stature and duty as a federal judge. The Hammills have already, via letter to Judge Padova, explained their position to him and the need to intervene is simply not required.

### III. CONCLUSION

The Hammills had multiple opportunities to file a proper motion to object to a settlement in this action and failed to do so. The simple answering of the complaint would have allowed them to not be dismissed from this case. They would have remained a party, which is what they seek by this motion to intervene, and could have objected to any settlement. The Hammills cite no legal authority or rule which supports their motion to

intervene in any way. Furthermore, Judge Padova has indicated he would review any decree prior to signature to protect all parties' rights. The Hammills' motion to intervene is improper and must be dismissed.

*Respectfully submitted,*

*MARK D. CHIACCHIERE*
*Attorney for Plaintiffs*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*The Mellon Bank Center, 43rd Floor*
*1735 Market Street*
*Philadelphia, Pennsylvania  19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
[mchiacchiere@namapc.com](mailto:mchiacchiere@namapc.com)

*DATE: October 1, 2004*