*IN THE UNITED STATES DISTRICT COURT FOR*
*THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **TONY DELGUERICO and** | : | **CIVIL ACTION** |
| **LEIGH DELGUERICO** | | |
| | : | **No. 02-CV-3453** |
| **and** | | |
| | : | |
| **DELGUERICO'S WRECKING &** | | |
| **SALVAGE** | : | |
| | | |
| **Plaintiffs,** | : | |
| **v.** | | |
| | : | |
| **SPRINGFIELD TOWNSHIP, et al.** | | |
| | : | |
| **Defendants.** | | |
| | : | |

*JOINT MOTION ON BEHALF OF ALL PARTIES TO VACATE DISMISSAL*
*OF THE ACTION PURSUANT TO LOCAL RULE 41.1(b)*

**AND NOW**, Plaintiffs and Defendants, by their respective counsel, hereby move this

Honorable Court to vacate the Court's Order of August 31, 2004 dismissing this action with

prejudice and in support thereof avers as follows.  The Defendants, by their counsel, David

M. Maselli, have authorized Plaintiffs to file this as a joint motion on Defendants' behalf as

well:

1.    This action was commenced *via* Complaint filed on May 30, 2002.

2.    Before this action, a companion zoning action was ongoing in the Bucks

County Court of Common Pleas with David Macfarlan, Esq. representing the Plaintiff

DelGuericos while they challenged zoning restrictions which were imposed upon them.

3.    The Court held a settlement conference on November 21, 2002 with Magistrate

Justice, Charles B. Smith to attempt to resolve the instant matter.  A resolution was not

reached at that conference and the case was subsequently placed into suspense by Judge John R. Padova due to the ongoing state zoning action.

4.      The case was removed from the suspense file on April 2, 2004 and a settlement conference was scheduled for April 15, 2004.  At that conference, in Judge Padova's chambers on April 15, 2004, settlement was extensively discussed between all the parties. At all times, part of the settlement was to include entry of a Consent Decree.

5.      At the April 15, 2004 conference, a settlement on all material terms was reached between the current parties and it was agreed that remaining Defendants, John and Patricia Hammill ("Hammills"), would be subsequently dismissed from the action.  It was also agreed that any settlement agreement would need to be submitted to Judge John R. Padova in the form of a Consent Decree for his signature and approval.  The parties specifically required that a Consent Decree be entered in the nature of a federal court order, in view of ongoing state litigation with other parties.  The Court had been provided with a draft copy of the Consent Decree in Plaintiffs motion to enforce settlement filed with the Court on August 9, 2004.

6.      The parties had various settlement conferences on May 14, 2004 and May 25, 2004, at which the actual settlement language continued to be discussed.  Once again, there was an agreement that a Consent Decree to be entered.

7.      From the Plaintiffs' standpoint, the entry of a Consent Decree was required by the parties to enable them to attempt to end the state Court litigation as well. The entry of a

2

Consent Decree was the primary relief sought to assure Plaintiffs could continue to operate their business. The Plaintiffs agreed to accept a fraction of the monetary relief they had sought as well as forego attorney's fees and costs in reliance upon obtaining a Consent Decree.

8.     From both the Plaintiffs' and Defendants' standpoint, a Consent Decree, in the form of a federal court order, was necessary because of ongoing state litigation.  This was made clear to the Court in all settlement discussions.

9.     Following the settlement conferences, there were numerous phone conversations and correspondence between the settling parties in order to resolve all necessary terms of the settlement.  At all times since settlement was first discussed on April 15, 2004, the draft settlement agreement took the form of a Consent Decree with a signature line for Judge John R. Padova to review and approve the Consent Decree to be entered into the record of this case.

10.     On August 11, 2004, the Hammills were dismissed as Defendants by Notice of Dismissal.

11.     On August 31, 2004, a pre-trial conference was held between the remaining parties and Judge John R. Padova.  At that conference, settlement was finalized, awaiting the final document and signatures by the parties. The settlement was specifically contingent on the settlement agreement taking the form of a Consent Decree which would be submitted to the Honorable Judge John R. Padova for his approval, signature and entry on the record.

3

12.    Immediately following the August 31st conference the Court entered an order under Local Rule 41.1(b) dismissing the action with prejudice.  On September 3, 2004, Plaintiffs' counsel prepared a letter, which was inadvertently not sent to Judge Padova, thanking him for his help with the settlement and stating that the Consent Decree, once signed, would be forwarded to his attention for his review and signature. Unfortunately, as noted in the Plaintiffs' counsel's recent letter to the Court of October 14, 2004, this letter was inadvertently not sent. See Exhibit "A"

13.    The issue of the Rule 41.1(b) dismissal became a concern to the parties when the Court noted in a footnote to its order of October 4, 2004 that, "this action was, however, dismissed with prejudice pursuant to local Rule 41.1(b) on August 31, 2004 without the entry of any Consent Decree."  See Exhibit "B".

14.    This order of October 4, 2004 is the first notice to the parties that a Consent Decree apparently will not be entered by the Court because the case has been closed by a Rule 41.1(b) Order.

15.    The parties waited until the Consent Decree was signed by all parties and ready for submission to the Court before filing this motion to vacate within the 90 days permitted by Local Rule 41.1(b).  There was some expected delay because the Board of Supervisors of Springfield Township had to meet at a public meeting and have all five Supervisors consider and approve the final Consent Decree language.  The Consent Decree has been signed by all parties and is attached hereto as Exhibit "C."

16.    The parties to this litigation ask this Honorable Court to reopen this matter pursuant to Rule 41.1(b) so that the Consent Decree, attached as Exhibit C, may be reviewed and approved by the Court, signed and entered into the record.

17.    Rule 41.1(b) specifically allows any order under that Rule to be vacated, modified or stricken from the record for cause shown upon the application of any party served within ninety (90) days of the entry of such Order of Dismissal.  The Order of Dismissal was served on August 31, 2004.  The filing of this Motion is well within the ninety (90) day time frame as required under that local Rule.

18.    Once the Consent Decree has been approved, signed and filed of record, the parties request that a new L. R. 41.1(b) order retaining jurisdiction be entered.

*WHEREFORE,* the parties hereby request this Honorable Court enter an order vacating its order of August 31, 2004 and reopening this matter for the entry of a Consent Decree in settlement of the action.

Respectfully submitted,

_____
*NEIL A. MORRIS*
*MARK D. CHIACCHIERE*
*Attorneys for Plaintiffs*
*Tony DelGuerico, Leigh Delguerico and*
*DelGuerico Wrecking & Salvage*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*        *BY TELEPHONE AGREEMENT ON*
*Mellon Bank Center*                     *OCTOBER   28, 2004, DEFENDANTS'*
*1735 Market Street, 43rd Floor*         *COUNSEL, DAVID M. MASELLI,*

Philadelphia, PA 19103                AUTHORIZED PLAINTIFFS' COUNSEL
Tel. (215) 751-0600                   TO  REPRESENT THAT DEFENDANTS
Fax (215) 751-1425                    JOIN THIS MOTION.
nmorris@namapc.com

Date: October 28, 2004

### CERTIFICATION OF SERVICE

**MARK D. CHIACCHIERE**, Esquire, hereby certifies that a true and correct copy of the

foregoing *Joint Motion on Behalf of All Parties to Vacate Dismissal of This Action Pursuant to*

*Local Rule 41.1(b)* and *Brief in Support Thereof* was served upon the following, *via* United

States, First Class mail, postage prepaid, on October 28, 2004:

> David M. Maselli, Esquire
> Wright & O'Donnell
> 15 East Ridge Pike, Suite 570
> Conshohocken, PA 19428


_____
**MARK D. CHIACCHIERE**
**Attorneys for Plaintiffs**
**Tony DelGuerico, Leigh DelGuerico and**
**DelGuerico Wrecking & Salvage**

**OF COUNSEL:**

**NEIL A. MORRIS ASSOCIATES, P.C.**
**The Mellon Bank Center**
**1735 Market Street, 43rd Floor**
**Philadelphia, Pennsylvania  19103**
**Tel. (215) 751-0600**
**Fax (215) 751-1425**
mchiacchiere@namapc.com


**Date:  October 28, 2004**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TONY DELGUERICO and** | : | **CIVIL ACTION** |
| **LEIGH DELGUERICO** | | |
| | : | **No. 02-CV-3453** |
| *and* | | |
| | : | |
| **DELGUERICO'S WRECKING &** | | |
| **SALVAGE** | : | |
| | | |
| **Plaintiffs,** | : | |
| *v.* | | |
| | : | |
| **SPRINGFIELD TOWNSHIP, et al.** | | |
| | : | |
| **Defendants.** | | |
| | : | |

### JOINT MOTION ON BEHALF OF ALL PARTIES TO VACATE DISMISSAL
### OF THE ACTION PURSUANT TO LOCAL RULE 41.1(b)

and

### BRIEF IN SUPPORT THEREOF

**NEIL A. MORRIS**
**MARK D. CHIACCHIERE**
**Attorneys for Plaintiffs**
**Tony DelGuerico, Leigh DelGuerico and**
**DelGuerico Wrecking & Salvage**

**OF COUNSEL:**

**NEIL A. MORRIS ASSOCIATES, P.C.**
**Mellon Bank Center**
**1735 Market Street, 43rd Floor**
**Philadelphia, PA 19103**
**Tel. (215) 751-0600**
**Fax (215) 751-1425**
**nmorris@namapc.com**

**Date: October 28, 2004**