IN THE UNITED STATES COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY DELGUERICO and LEIGH DELGUERICO | : | CIVIL ACTION |
| | : | No. 02-CV-3453 |
| and | | |
| | : | |
| DELGUERICO'S WRECKING & SALVAGE | : | |
| Plaintiffs, | : | |
| v. | | |
| | : | |
| SPRINGFIELD TOWNSHIP; JEFFREY MEASE, Individually and as Code Enforcement Officer for Springfield Township; PETER LAMANA; RODNEY WIEDER; JAMES HOPKINS; ROBERT ZISKO and CHARLES HALDERMAN, JR., Individually and as Members of the Board of Supervisors of Springfield Township | : | |
| | : | |
| Defendants. | : | |

BRIEF IN SUPPORT OF JOINT MOTION ON BEHALF OF ALL PARTIES
TO VACATE DISMISSAL OF THE ACTION PURSUANT TO LOCAL RULE 41.1(b)

*I.    INTRODUCTION*

Plaintiffs' and Defendant's counsel, their respective clients and Judge John R. Padova participated in a settlement conference on April 15, 2004 in the chambers of Judge Padova. At this conference a settlement was reached whereby Springfield Township Defendants would pay $35,000 in settlement of the claim and the various zoning issues would be resolved. Subsequent phone conferences were held on May 14, 2004 and May 25, 2004 to confirm the settlement. The settlement was finalized on August 31, 2004 at a hearing with

Judge Padova. All material terms which were agreed upon at the settlement conference were subsequently reduced to writing and signed by all parties. See Exhibit "C."

The settlement contemplated settling two actions that were ongoing between the parties: (1) a companion state court zoning action and (2) the instant action in Federal Court. At all times the parties agreed that part of the settlement would be the Court retaining jurisdiction over the matter by signing the proposed consent decree and entering it into the record of the case. The parties need the Court to retain jurisdiction so that the State Court zoning action would be bound by the agreement of the parties in this Federal action. The parties believed the Court would review and sign the Consent Decree upon its final execution by the parties.

On October 4, 2004 the Court issued an order on denying the Hammills' Motion to Intervene. The Court noted, "this action was, however, dismissed with prejudice pursuant to local Rule 41.1(b) on August 31, 2004 without the entry of any Consent Decree." See Exhibit "B". This order was the first notice to the parties that the Court may not review and sign the Consent Decree agreed upon by the parties at settlement. At all times the settlement was envisioned as taking the form of a consent decree to be signed by Judge Padova and entered into the record with the Court retaining jurisdiction over the Decree.

The parties now request that the Court vacate the August 31, 2004 41.1(b) order and review the attached, executed, Consent Decree (Exhibit C) for approval and signature by Judge Padova. Once signed by Judge Padova a new 41.1(b) order may be entered dismissing

the case.

### II. THE ORDER OF AUGUST 31, 2004 SHOULD BE VACATED SO THAT THE COURT CAN REVIEW AND SIGN THE CONSENT DECREE AND RETAIN JURISDICTION OVER THE TERMS OF THE DECREE

Plaintiffs and Springfield Township Defendants agreed to a settlement of this matter and dismissal of the Hammill Defendants at a settlement conference on April 15, 2004. This settlement was re-affirmed in subsequent telephone conferences with Judge Padova on May 14, 2004 and May 25, 2004. The Hammills were dismissed on August 11, 2004. The settlement was finalized on August 31, 2004 at a Pre-Trial conference with Judge Padova.

At all times the settlement was in the form of a Consent Decree to be signed by the Court and entered into the record. Plaintiffs, with the support of all Defendants, now move under Local Rule 41.1(b) to vacate the August 31, 2004 order dismissing this case so that Judge Padova may review and sign the Consent Decree between the parties.

Local Rule 41.1 (b) states:

> Whenever in any civil action the counsel shall notify the Clerk of the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal. L.R.Civ. Proc. 41.1(b).

This application is being filed within ninety (90) days as required by the Rule. All parties agree there is good cause to vacate the Order of August 31, 2004 as it was entered

3

prior to the Consent Decree being signed by the parties and apparently precludes the Court from signing and entering the Consent Decree retaining jurisdiction of the matter into the record of this case. Good cause has been found where a dismissal order was prematurely entered. *Webb v. City of Philadelphia*, 2000 WL 502711, at *1 (E.D. Pa. 2000)(Bechtle, J.) That is exactly the situation involved in the case *sub judice*.

Moreover, Fed.R.Civ.P. 1 states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." The vacation of this order would act as Rule 1 was intended and serve the just and inexpensive resolution of the case.

The parties entered into a Consent Decree after extensive settlement negotiations. The Agreement, which was executed by all parties, has always contemplated that the Consent Decree would be submitted to Judge Padova for review, approval, signature and entry into the record. This was a vital part of the settlement, to subject the ongoing state court action to the decree of the Federal Court. Upon receipt of the Court's order of October 4, 2004 it became apparent that procedurally the 41.1(b) order would need to be vacated so that the Consent Decree could be entered and enforced.

Part of the settlement between the parties was that the Court would enter a Consent Decree so that the state court zoning action would be settled by the agreement among the parties in this action. All drafts of the settlement exchanged between the parties have always been in the form of a consent decree and have been previously filed as exhibits with the Court. Absent Court approval, the parties may be required to relitigate all issues in state

court, at great expense to Plaintiffs, the Township and all parties involved. The entry of a Consent Decree ensures for both parties and the Court, that the agreement settles both actions and may be enforced if either party fails to comply with its terms.

### III. CONCLUSION

The Parties have signed a valid and binding Consent Decree in settlement of this action and the state court zoning action. The Court should vacate its order of August 31, 2004 dismissing this case, so that it may review and sign the Consent Decree and enter it into the record. At that time a new 41.1(b) order may be entered, retaining jurisdiction and dismissing the case.

Respectfully submitted,

*NEIL A. MORRIS*
*MARK D. CHIACCHIERE*
*Attorneys for Plaintiffs*
*Tony and Leigh DelGuerico and*
*DelGuerico's Wrecking and*
*Salvage, Inc.*

*OF COUNSEL:*

*NEIL A. MORRIS ASSOCIATES, P.C.*
*Mellon Bank Center*
*1735 Market Street, 43rd Floor*
*Philadelphia, PA 19103*
*Tel. (215) 751-0600*
*Fax (215) 751-1425*
*mchiacchiere@namapc.com*

*Date: October 28, 2004*