IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY DELGUERICO AND LEIGH DELGUERICO | : CIVIL ACTION |
| and | : No.: 02-CV-3453 |
| DELGUERICO'S WRECKING & SALVAGE, INC., | : |
| Plaintiffs, | : |
| vs. | : |
| SPRINGFIELD TOWNSHIP, BUCKS COUNTY, | : |
| and | : |
| JEFFREY MEASE, individually and in his capacity as Code Enforcement Officer for Springfield Township, | : |
| and | : |
| PETER LAMANA, RODNEY WIEDER JAMES HOPKINS, ROBERT ZISKO and CHARLES HALDERMAN, JR., individually and in their official capacities as members of the Board of Supervisors of Springfield Township | : MOTION TO VACATE AND STRIKE FROM THE RECORD ORDER OF THE DISMISSAL OF THE DEFENDANTS JOHN AND PATRICIA HAMMILL ENTERED ON THE DOCKETS OF THE COURT ON AUGUST 31, 2004 |
| and | : |
| JOHN HAMMILL and PATRICIA HAMMILL, | : |
| Defendants. | : JURY TRIAL DEMANDED |

**MOTION TO VACATE AND STRIKE FROM THE RECORD ORDER OF THE DISMISSAL OF THE DEFENDANTS JOHN AND PATRICIA HAMMILL ENTERED ON THE DOCKETS OF THE COURT ON AUGUST 31, 2004**

The Defendants, John and Patricia Hammill, by and through their undersigned counsel, John M. Heley, Esquire, move this Honorable Court pursuant to Local Rule 41.1(b) of the United States District Court for the Eastern District of Pennsylvania, seeking an Order dismissing and Striking from the Record the Order of Court entered on the dockets of the Court on August 31, 2004, which dismisses the action against the Hammills with prejudice and in support thereof avers as follows:

1. The Movants, John and Patricia Hammill were Defendants in the above-captioned lawsuit.

2. The gravamen of the Plaintiffs' lawsuit with respect to the Hammills is that the Springfield Township Defendants together with the Hammills acting under the color of State law conspired to deprive the Plaintiffs of a constitutionally protected vested property interest in the use of the Plaintiffs' property at 2895 Grouse Lane in Springfield Township, Bucks County, Pennsylvania.

3. The Hammills, not being state actors, could only be held in the lawsuit if evidence were produced that would support the allegation that they acted in conspiracy with the Township regarding these matters.

4.     The Plaintiffs, even as of the date of the filing of this Motion, never provided the voluntary discovery required by Civil Rule of Federal Procedure 26, and never provided any evidence whatsoever either through documents or testimony to support the allegation in their pleadings that the Hammills conspired with the Township to deprive the Plaintiffs of their civil rights.

5.     The Hammills made clear throughout the proceedings to both the DelGuericos and to the Court that unless and until a settlement was reached with them, it was their intention, upon being dismissed from this suit, to bring a Dragonetti action in State Court seeking damages from the Plaintiffs for wrongful use of civil proceedings by the Plaintiffs against the Hammills.

6.     The Plaintiffs, being fully aware of the Hammills' intentions as set forth above, prepared a proposed Consent Decree and attached it as an Exhibit to a Motion to Enforce Settlement between the Springfield Township Defendants and the Plaintiffs.  The proposed Consent Decree contained language which, if made an Order of Court, could effectively deny the Hammills their substantive right to proceed under the Dragonetti Act, as the language would have this Honorable Court expressly recognize that the Plaintiffs, in suing the Hammills in Federal Court, acted in good faith and with a reasonable basis to assert their positions and claims, notwithstanding the total absence of any discovery or any evidence produced by the Plaintiffs to support that assertion.

7. Shortly before the Motion to Enforce Settlement was presented to the Court, the Plaintiff, through it's counsel Mark D. Chiacchiere, forwarded a copy of a Stipulation to Dismiss the Hammills from the lawsuit. Undersigned counsel for the Hammill Defendants made clear to counsel for the Plaintiff that the Hammills would not join in any such Stipulation for Dismissal unless and until they were assured that the offensive language in the proposed Consent Decree would be removed.

8. This Honorable Court in a telephone conference with all counsel indicated that it would not sign any Consent Decree that included language which would prejudice the rights of the Hammills with regard to subsequent litigation.

9. Thereafter, the Plaintiffs, in a transparent attempt to remove the Hammill Defendants from the discussion surrounding the proposed Consent Decree, filed, pursuant to Fed. R.C.P. 41(a)(1) a Notice of Dismissal which is attached hereto and incorporated herein as though set forth fully at length as Exhibit "A."

10. That Notice of Dismissal clearly provides that Defendants John and Patricia Hammill are dismissed **"without prejudice,"** pursuant to Fed. R.C.P. 41(a)(1). (emphasis added).

11. There was no Stipulation for Dismissal signed by the Hammill Defendants and, in fact, undersigned counsel, as stated above, made clear to all concerned that no such Stipulation would be signed without assurance that the offensive language in the Consent Decree would be removed.

Case 2:02-cv-03453-JP    Document 47    Filed 11/05/2004    Page 5 of 8

12. Thereafter, undersigned counsel learned that a Consent Decree being circulated by the Plaintiff for signature by the Court continued to contain the offensive language referenced above.

13. Accordingly, undersigned counsel for the Defendants filed a Motion to Intervene to protect the rights of the Hammills, that Motion setting forth in great detail the facts as set forth herein, together with supporting Exhibits. A copy of that Motion entered on the dockets on September 20, 2004, is attached hereto together with its exhibits and incorporated herein as though set forth fully at length as Exhibit "B."

14. At the time of the filing of the Motion to Intervene, the Defendants were unaware that this Honorable Court had entered an Order on August 31, 2004 dismissing the action with prejudice pursuant to Local Rule 41.1(b). No notice of the entry of this Order was given to undersigned counsel for the Hammills – presumably because of the earlier dismissal without prejudice pursuant to Fed. R.C.P. 41(a)(1) on October 11, 2004, and <u>erroneously</u> entered on the dockets of this Court as a Stipulation of Dismissal by the Plaintiffs as to the Defendants John and Patricia Hammill. As set forth above in detail, there never was a Stipulation or Agreement of Dismissal. Dismissal of the Hammill Defendants was pursuant to Rule, without Order of Court and without prejudice.

15. On October 4, 2004, this Honorable Court entered an Order denying the Motion of John and Patricia Hammill to intervene and in a footnote to that denial, stated in error that the Hammill Defendants were dismissed as

Defendants to the action by Stipulation on August 11, 2004, that false statement presumably based upon the erroneous docketing entry. Local Rule 41.1(b) provides that the Court shall upon Order of the Judge to whom the case is assigned enter an Order dismissing the action with prejudice "whenever in any civil action counsel shall notify the clerk or the Judge to whom the action is assigned that the issues between the parties have been <u>settled</u>." (<u>emphasis added</u>).

16. There was no settlement of the dispute between the Plaintiffs and the Hammill Defendants and accordingly the entry of the August 31, 2004 Order pursuant to Local Rule 41.1(b) was in error.

17. Local Rule of Civil Procedure 41.1(b) provides that any Order of dismissal entered under that Rule may be vacated, modified or stricken from the record for cause shown upon the application of any party served within ninety (90) days of the entry of such Order of Dismissal.

WHEREFORE, the Defendants, John and Patricia Hammill, respectfully request this Honorable Court to enter an Order striking the Order of August 31, 2004 which dismissed them from the action with prejudice pursuant to Local Rule of Federal Civil Procedure 41.1(b) and striking that Order from the record after which, considering the Hammill Defendants were dismissed without prejudice and without Order of Court by Praecipe fo the Plaintiffs, and for what the Hammills believe to be transparent motives of the Plaintiffs, respectfully request this Honorable Court to reconsider its denial of the Motion to Intervene or, in the

alternative, to strike any language from any proposed Consent Decree which would prejudice the Hammills' subsequent civil rights with respect to the Plaintiffs.

                                               RESPECTFULLY SUBMITTED,

                                 BY:_____
                                   JOHN M. HELEY, ESQUIRE
                                   Attorney for Defendants John and
                                   Patricia Hammill